# United States Court of Appeals
## For the First Circuit

No. 02-2592

JENNIE TORRES-FUENTES; JESSICA SANTIAGO-TORRES;
ANGEL M. SANTIAGO-TORRES,

Plaintiffs, Appellants,

v.

MOTORAMBAR, INC.,

Defendant, Appellee,

KIA MOTORS, INC.; CHARLIE AUTO, INC.;
JUNIOR PEREZ AUTO SALES; FIRSTBANK OF P.R.,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., Senior U.S. District Judge]

Before

Boudin, Chief Judge,
Howard, Circuit Judge,
and Carter,[*] Senior District Judge.

Rafael A. Oliveras Lopez De Victoria on brief for appellants.
Carlos Concepción-Castro with whom Agustín Collazo Law Offices
was on brief, for appellees.

February 8, 2005

---

[*]Of the District of Maine, sitting by designation.

**HOWARD**, **Circuit Judge**. Appellants Jennie Torres-Fuentes and her minor children brought this action under the Magnuson-Moss Warranty Act ("Act"), 15 U.S.C. § 2301 et. seq., against Motorambar, Inc. and a host of other defendants claiming that the KIA automobile that she purchased had severe mechanical defects.[1] Torres-Fuentes sought restitution of the purchase price of the car (plus financing costs) in the amount of $21,967.00, expenses of $1,400.00, and compensation for mental and moral anguish totaling $130,000.00.

Motorambar[2] filed a motion to dismiss, which Torres-Fuentes did not oppose, on the ground that the complaint, on its face, failed to meet the Act's jurisdictional requirement that the amount in controversy equal or exceed $50,000. See 15 U.S.C. § 2310(d)(3)(B). In support of this argument, Motorambar asserted that damages for mental and moral anguish were not available under Puerto Rico law (the Act looks to state law to determine available damages) on the facts alleged. The district court agreed and dismissed the case with prejudice. Torres-Fuentes never asked the district court to vacate or set aside the judgment. Instead, she

---

[1] Torres-Fuentes also invoked "pendent jurisdiction" under the Civil Code of Puerto Rico in the complaint, but identified no particular provisions of Puerto Rico law under which she was suing. The district court construed the complaint as seeking recovery only under the Act, and we follow its lead.

[2] Torres-Fuentes failed to serve the other defendants, and the claims against them were dismissed without prejudice.

brought this appeal to argue that mental and moral anguish damages are available under Puerto Rico law if, as she argues here, the seller knew of the product's defective condition at the time of sale. Alternatively, she argues that the dismissal should have been without prejudice.

Torres-Fuentes's first argument is forfeited. We recently held that "a party who fails to object to a motion to dismiss must raise any claims of error by filing the appropriate post-judgment motion, or forfeit his or her right to raise those claims before this court." Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146-47 (1st Cir. 2004). "To hold otherwise would undermine the ability of the district courts to serve as an effective and efficient forum for the resolution of disputes." Id. at 147.[3] As set forth above, Torres-Fuentes filed neither a response to the motion to dismiss nor an appropriate motion to obtain reconsideration after judgment entered. Accordingly, her arguments regarding the appropriateness of the dismissal are not preserved.[4]

---

[3] While Pomerleau dealt with a motion to dismiss under Fed. R. Civ. P. 12(b)(6), we see no reason why the rule should not apply here as well, as Motorambar's motion was solely directed to the allegations of the complaint.

[4] Nor is this a case in which we would sua sponte recognize plain error -- regardless of whether Torres-Fuentes' view of Puerto Rico law is correct.

Torres-Fuentes's challenge to the form of the judgment is a different story. Dismissals for lack of jurisdiction should generally be without prejudice. See, e.g., Mills v. Harmon Law Offices, 344 F.3d 42, 45-46 (1st Cir. 2003)(lack of subject matter jurisdiction precludes district court from disposing of the case on the merits). Indeed, in a case involving similar facts, the Eleventh Circuit held that the plaintiff should not be barred from raising the identical claims in state court under the Act after a dismissal for failure to satisfy the $50,000 jurisdictional hurdle. See Ansari v. Bella Auto. Group, Inc., 145 F.3d 1270, 1272 (11th Cir. 1998). See also 15 U.S.C. § 2310(d)(1)(A)(the $50,000 jurisdictional requirement only applies to claims brought in federal court; litigants may still raise smaller claims in state court). The judgment is modified to provide that the dismissal is without prejudice and is otherwise affirmed.[5]

---

[5] At argument, Torres-Fuentes asked that we ignore the jurisdictional limitations in the Act in the name of equity, as most people who purchase automobiles would be barred from bringing claims under the Act by the $50,000 jurisdictional threshold. As this issue was not raised until argument, it is forfeited. See United States v. Sacko, 247 F.3d 21, 24 (1st Cir. 2001). In any event, as noted above, claims for less than $50,000 may be brought under the Act in state court.