# United States Court of Appeals

## For the First Circuit

No. 04-1494

MANUEL CARDONA-MARTÍNEZ; CARMEN MÁRQUEZ-PARRILLA

Plaintiffs, Appellants,

v.

ÁNGEL D. RODRÍGUEZ-QUIÑONES; MIGDALIA MOLINA; ADA GUEVARA;
LAUDELINO RIVERA; OLGA RODRÍGUEZ-VIERA; RAMÓN AYALA-SANTIAGO,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., Senior U.S. District Judge]

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

Fredeswin Perez-Caballero, with whom Hernandez Sanchez Law
Firm and Jesus Hernandez-Sanchez were on brief, for appellants.
Javier I. Arbona Azizi, with whom Quiñones, Sánchez &
Guzmán, P.S.C. was on brief, for appellees.

April 6, 2006

**STAHL**, <u>Senior Circuit Judge</u>.  Manuel Cardona-Martínez and Carmen Márquez Parrilla bring this appeal challenging the judgment entered in favor of the defendants below in this political discrimination case.  Cardona and Márquez are members of the New Progressive Party (NPP), which was until November 2000 the ruling party in the Commonwealth of Puerto Rico.  In 2000, the NPP administration was ousted when the Popular Democratic Party (PDP) won the November gubernatorial election.  With the resultant change in the Puerto Rican administration in January 2001 came a rotation of the membership of the managerial echelon at various executive agencies.  Like a spate of others decided in the course of the past few years, this case arises out of that shake-up.  <u>See, e.g.</u>, <u>Rodríguez-Marín</u> v. <u>Rivera-Gonzalez</u>, 438 F.3d 72 (1st Cir. 2006); <u>Borges Colón</u> v. <u>Román-Abreu</u>, 438 F.3d 1 (1st Cir. 2006); <u>Vélez-Rivera</u> v. <u>Agosto-Alicea</u>, 437 F.3d 145 (1st Cir. 2006); <u>Rosario-Urdaz</u> v. <u>Velazco</u>, 433 F.3d 174 (1st Cir. 2006).

Cardona and Márquez allege that they were demoted and suffered other professional indignities after the change of regime, and brought these political discrimination claims under the First and Fourteenth Amendments.  The district court rendered judgment as a matter of law after the close of the plaintiffs' case-in-chief, finding, <u>inter alia</u>, that the plaintiffs could not prove unlawful political discrimination because the positions from which they were removed were political positions.  We affirm.

**I.**

Appellants here were, both before and after the 2000 elections, employees of the Regulations and Permits Administration, known by its Spanish acronym, ARPE.[1] The Puerto Rican career service recognizes two relevant categories of employees at state agencies like the ARPE: those who hold positions of trust and confidence, who are generally in the style of policy-makers and advisers and who are political appointees, see 3 P.R. Laws Ann. § 1350 (2000); and those who hold career positions, see id. § 1352, who make up the bulk of the remainder of the public sector. In hiring the former, a potential employee's political affiliation is typically a vital consideration, while as to the latter, Puerto Rican law dictates that political affiliation is neither a relevant nor a permissible consideration. See id. § 1333.

Cardona and Márquez have each held both trust and career positions, but for a significant period prior to the election, each held a trust position. Puerto Rican law gives departing trust employees who came out of the career service the right to reclaim a career position equivalent to the career position they last held. See id. § 1350(8)(a); see also Rosario-Urdaz, 433 F.3d at 176. Our cases have noted other instances in which trust employees have made

---

[1]This appeal was brought after the district court granted judgment as a matter of law in favor of the defendants, and so we recite the facts as presented by the plaintiffs, drawing any inferences in their favor.

such a move prior to an election in which an opposing party may win, and made it at the latest date possible before the election. See, e.g., Rodriquez-Marin, 438 F.3d at 75; Velez-Rivera, 437 F.3d at 149. Puerto Rico has imposed a moratorium on such shifts during the two months prior to and the two months after an election, see 3 P.R. Laws Ann. § 1337, which means that these shifts into career positions tend to take place in August or early September before a November election. Accordingly, in August 2000, as the elections approached, both Cardona and Márquez moved from their trust positions into career positions.

Each briefly took a significant pay cut and reduction in assigned duties. Crucial to this case, however, both were quickly promoted to positions designated as career posts but carrying salaries commensurate with their old trust-position salaries.

In November 2000, the PDP won the Commonwealth-wide gubernatorial election, and in January 2001, the new administration took over. Roughly one year later, toward the end of January 2002, appellants both received letters signed by the new (PDP-affiliated) administrator of their division of the ARPE removing them to new positions. Each was given a brief informal hearing on the question of his or her reassignment. Cardona was moved from his recently acquired position as a class-II Administrative Facilitator, with a $4,000 monthly salary, to a statistician's job with a salary closer to $1,700. Márquez received a similar letter, informing her that

she would lose her position as Manager of Services and Process, with its monthly salary of $4,300, and would resume work as an Internal Service Representative at a monthly rate of $2,500.

The appellants brought suit in the United States District Court for the District of Puerto Rico under 42 U.S.C. § 1983 and the First and Fourteenth Amendments, alleging that their demotions and reductions of pay and perquisites were unconstitutional because motivated by political animosity.[2] Named as defendants are various members of the new cadre of trust employees appointed to run the ARPE. The case went to trial on January 29, 2004, and plaintiffs concluded presentation of their case-in-chief on February 12, 2004. The defendants subsequently moved for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure. The district court granted the defendants' motion.

The district court opinion granted judgment on the basis of three interrelated conclusions. The first was that Cardona and Márquez held their most recent positions illegitimately; the second was that the positions they held, while designated as "career" positions for purposes of the Puerto Rican career service, were nevertheless in fact the type of politically sensitive positions that the First Amendment permits to be filled on the basis of

_____

[2]Márquez also stated a First Amendment claim arising out of an incident in which she was reprimanded after speaking critically about the new administration on the radio, but on appeal does not press any issues related to that claim.

political affiliation; and the third was that the plaintiffs had not put forward evidence of discriminatory intent on the part of the defendants. The court ruled that the state's interest in filling the vacated positions with supporters of the incoming party's policies, taken together with the weakness of the evidence presented at trial of any politically discriminatory motive on the part of the defendants, meant that "a reasonable jury could not conclude that Plaintiffs have met their burden establishing a cause of action for political discrimination in violation of the First Amendment of the United States Constitution pursuant to 42 U.S.C. Section 1983." Cardona and Márquez timely appealed.

## II.

Federal Rule of Civil Procedure 50(a) permits a party to move for judgment as a matter of law before the case has been submitted to the jury. In deciding a Rule 50 motion, a district court "must examine the evidence, and inferences to be drawn therefrom, in the light most favorable to the non-movant." Mangla v. Brown Univ., 135 F.3d 80, 82 (1st Cir. 1998) (citing Rolón-Alvarado v. Municipality of San Juan, 1 F.3d 74, 76 (1st Cir. 1993)). Judgment as a matter of law may be granted when a party has been fully heard on an issue and has presented "no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue . . . ." Fed. R. Civ. P. 50(a)(1); see also Mangla, 135 F.3d at 82 (judgment as a matter of law may be granted

"only if the evidence, viewed from this perspective, is such that reasonable minds could not differ as to the outcome" (quoting Rolón-Alvarado, 1 F.3d at 77)). We review the disposition of the motion de novo, applying the same standard. Mangla, 135 F.3d at 82.

On appeal, plaintiffs have challenged two of the district court's three determinations. The first challenge is to the district court's conclusion that the promotion of Cardona and Márquez to higher level positions in the career service within days of their transfers from trust to career positions was illegitimate. The second challenge is to the district court's conclusion that no evidence of political discrimination had been adduced. Left unchallenged, however, is the district court's determination that the positions to which Cardona and Márquez were promoted were (despite being designated "career positions" by the Puerto Rican career service) policymaking positions.[3] The import of that conclusion appears to have eluded appellants' counsel, and the failure to challenge the determination is fatal to appellants' claims. While the general rule is that the dismissal of a public

---

[3]There may be a passing gesture at the point in the brief, but if so, it is insufficient to alert us to any error in the district judge's determination. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Appellants have not indicated, for example, what duties they had in the career positions from which they were ejected, and without that information, we are in no position to review the determination of the district judge.

employee on the basis of the employee's political affiliation "infringes First Amendment freedoms of belief and association," Jimenez Fuentes v. Torres Gaztambide, 807 F.2d 236, 239 (1st Cir. 1986) (en banc), a vital exception to the rule is that politically motivated dismissals of public employees holding certain politically sensitive positions are both permissible and necessary in a system of representative democracy. See id. (quoting Elrod v. Burns, 427 U.S. 347, 367 (1976)). The question a court must ask in deciding whether a post may be filled on the basis of political affiliation is whether such affiliation "is an appropriate requirement for the effective performance of the public office involved." Id. at 240 (quoting Branti v. Finkel, 445 U.S. 507, 518 (1980)). Although the designation of a position as a trust or career post under the Puerto Rican career service regime is a factor relevant to the determination whether the federal constitution permits political affiliation to be taken into account in making hiring and firing decisions with respect to the position, it is not determinative. Id. at 246.

Here, the district court concluded that the stipulated and uncontested facts indicated that the job positions to which the appellants were promoted just before the election were political positions, and that denying the incoming administration the power to fill the positions with members of it own party would frustrate the efforts of the victors of the recent election to carry out the

policy initiatives that it was their duty and mandate to implement. We need take no view as to whether this was in fact a correct conclusion on the evidence presented at trial. By failing to make the argument that the district court erred on this point, appellants have waived it and have effectively conceded the point. See King v. Town of Hanover, 116 F.3d 965, 970 (1st Cir. 1997); see also Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 147 n.3 (1st Cir. 2004). The conceded point is dispositive of this appeal: the appellants are bound by the district court's unchallenged conclusion that the First Amendment did not bar the defendants from removing them from their positions on the basis of their political affiliation, and so the district court's grant of judgment as a matter of law must stand.

### III.

For the foregoing reasons, the entry of judgment by the district court is **affirmed**.