Myrna **CINTRÓN–SERRANO**, Plaintiff,

v.

**BRISTOL–MYERS SQUIBB PUERTO RICO, INC., et al., Defendants.**

Civil No. 06–2048 (GAG–MEL).

United States District Court, D. Puerto Rico.

July 2, 2007.

Luis Vivaldi–Oliver, Luis Vivaldi Oliver Law Office, Mayaguez, PR, for Plaintiff.

Lourdes C. Hernandez–Venegas, Schuster & Aguilo LLP, San Juan, PR, for Defendants.

## OPINION AND ORDER

GELPÍ, District Judge.

Plaintiff Myrna Cintrón–Serrano ("Cintrón") filed this action against Defendants

Bristol–Myers Squibb Puerto Rico, Inc.[1] ("BMS"), Bristol–Myers Squibb Long Term Disability Plan ("the Plan"), and Hartford Life Insurance Company ("Hartford LIFE") alleging violations of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. Presently before the court are two motions to dismiss Cintrón's amended complaint, one filed by Hartford Life and Accident Insurance Company ("Hartford ACCIDENT") (Docket No. 47) and another filed by BMS (Docket No. 48). Cintrón timely opposed both motions (Docket No. 51). BMS and Hartford ACCIDENT, with leave from the court, each filed a subsequent reply (Docket Nos. 61–62). After reviewing the relevant facts and applicable law, the court **GRANTS IN PART** and **DENIES IN PART** Hartford ACCIDENT's motion to dismiss (Docket No. 47) and **GRANTS IN PART** and **DENIES IN PART** BMS' motion to dismiss (Docket No. 48).

## I. Motion to Dismiss Standard

When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and draws every reasonable inference in the plaintiff's favor. *Educadores Puertorriqueños en Acción v. Hernández,* 367 F.3d 61, 62 (1st Cir.2004). The defendant is entitled to dismissal for failure to state a claim only if the facts alleged in the complaint do not justify any recovery under any viable theory of law. *Nathan P. v. W. Springfield Pub. Sch.,* 362 F.3d 143, 145 (1st Cir.2004) (quoting *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990)).

## II. Factual & Procedural Background

Cintrón was formerly employed by BMS. On March 2, 1999, she began receiving long-term disability ("LTD") benefits under the Bristol–Myers Squibb Long–Term Disability Plan ("the Plan"). On August 8, 2005, Cintrón received notification that her LTD benefits would be terminated because she no longer met the policy definition of "total disability." Subsequently, the defendants ceased paying her long-term disability. On November 4, 2005, Cintrón requested from the defendants copies of documents relating to the Plan and BMS' retirement plan. The defendants did not provide the requested documents. *See* Docket No. 44.

Cintrón commenced this action on September 27, 2006 in the Puerto Rico Court of First Instance, Mayagüez Superior Part. In her complaint, she sought payment and continuation of her disability benefits under state law and alleged violations of ERISA's disclosure provisions. She named BMS, the Plan, and "The Hartford" as defendants. The case was removed to federal court. BMS then moved to dismiss Cintrón's complaint. *See* Docket No. 1. In an Opinion and Order dated January 18, 2007, the court dismissed Cintrón's state law claims against BMS and the Plan and her ERISA disclosure claim against the Plan. *See* Docket No. 17.

Hartford ACCIDENT voluntarily appeared in this action on February 5, 2007, *see* Docket No. 24, and promptly moved to dismiss Cintrón's complaint, *see* Docket No. 28. Although the complaint named "The Hartford," Hartford ACCIDENT explained that "The Hartford" is not a legal entity and that Hartford ACCIDENT is the proper defendant in this action. *See* Docket Nos. 28, 36. In an Opinion and

---

**1.** Bristol–Myers Squibb Puerto Rico, Inc. is now known as Bristol–Myers Squibb Manufacturing Company.

Order dated April 2, 2007, the court dismissed Cintrón's state law claims and her ERISA disclosure claim against Hartford ACCIDENT. *See* Docket No. 42. Also on April 2, 2007, the court issued an order recasting her state law wrongful denial of benefits claim as a claim under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). *See* Docket No. 43.

On April 9, 2007, Cintrón filed an amended complaint in which she seeks payment and continuation of her disability benefits under ERISA Section 502(a)(1)(B). She also alleges violations of ERISA's fiduciary duty provisions and its disclosure provisions. She names BMS, the Plan, and Hartford LIFE-not Hartford ACCIDENT-as defendants. *See* Docket No. 44. BMS and Hartford ACCIDENT now move for dismissal all or some of Cintrón's claims. *See* Docket Nos. 47–48.

### III. Discussion

#### A. ERISA Disclosure Claim

■ Cintrón's amended complaint alleges that the defendants failed to provide documents to which she is entitled under ERISA. *See* 29 U.S.C. §§ 1021, 1024 (requiring ERISA plan administrators to provide plan participants with information upon request); *see id.* § 1132(c)(1) (granting court discretion to impose monetary penalty for failure to provide or delay in providing requested plan documents). The court previously dismissed the ERISA disclosure claim against Hartford ACCIDENT. The court reasoned that the disclosure obligation fell upon the party named as Plan Administrator. The parties agreed and the court recognized that, at all relevant times, the Plan named a BMS official as Plan Administrator. *See* Docket No. 42, p. 7. For the reasons set forth in the court's Opinion and Order of April 2, 2007, Cintrón's ERISA disclosure claim

against all the defendants except BMS is **DISMISSED.**

#### B. Breach of Fiduciary Duty Claim

Cintrón's amended complaint also alleges that the defendants breached their fiduciary duties under the Plan by failing to maintain proper and updated plan documents, failing to communicate plan amendments, failing to execute a clear designation and delegation of fiduciary responsibilities, failing to follow plan documents, misleading plan participants regarding which entity maintained responsibility for deciding benefits eligibility, and generally failing to exercise their duties of care, skill, prudence, diligence, and loyalty in the administration of the Plan. *See, e.g.,* Docket No. 44, ¶¶ 12, 16–18, 22, 24–25. ERISA recognizes two avenues through which a plan participant may maintain a breach of fiduciary duty claim: (1) a Section 502(a)(2) claim to obtain plan-wide relief, *see* 29 U.S.C. § 1132(a)(2); and (2) an individual suit under Section 502(a)(3) to obtain equitable relief, *see* 29 U.S.C. § 1132(a)(3).

■ Cintrón does not seek plan-wide relief. Consequently, ERISA authorizes her breach of fiduciary duty claim only if she seeks "appropriate equitable relief." 29 U.S.C. § 1132(a)(3); *Varity Corp. v. Howe,* 516 U.S. 489, 512, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996); *Watson v. Deaconess Waltham Hosp.,* 298 F.3d 102, 109–10 (1st Cir.2002); *LaRocca v. Borden, Inc.,* 276 F.3d 22, 27–28 (1st Cir.2002). The Supreme Court of the United States has described Section 502(a)(3) as a "safety net" that provides appropriate equitable relief for injuries that Section 502 does not elsewhere adequately remedy. *Varity,* 516 U.S. at 512, 116 S.Ct. 1065. Section 502(a)(3), therefore, does not authorize an individualized claim where the plaintiff's injury finds adequate relief in another part

of ERISA's statutory scheme. *Id.* at 512, 515, 116 S.Ct. 1065; *see also Watson,* 298 F.3d at 112–13; *LaRocca,* 276 F.3d at 27–28; *Turner v. Fallon Cmty. Health Plan,* 127 F.3d 196, 200 (1st Cir.1997). Following *Varity,* "federal courts have uniformly concluded that, if a plaintiff can pursue benefits under the plan pursuant to Section [502(a)(1)(B)], there is an adequate remedy under the plan which bars any further remedy under Section [502(a)(3)]." *LaRocca,* 276 F.3d at 28.

Section 502(a)(1)(B) provides Cintrón the opportunity to obtain redress for the injury she alleges to have suffered-a wrongful termination of her benefits. If the defendants wrongfully stopped paying her benefits, Section 502(a)(1)(B) provides an avenue through which she may recover benefits due. She may not seek relief for the same injury under Section 502(a)(3). Additionally, Cintrón may pursue relief under Section 502(c)(1) for any violations of ERISA's disclosure provisions. Finally, Cintrón's amended complaint does not request any form of equitable relief; nor does she set forth facts from which the court could infer that she seeks appropriate equitable relief. Thus, she may not maintain a claim for breach of fiduciary under Section 502(a)(3).

For the foregoing reasons, Cintrón's breach of fiduciary duty claim against all the defendants is **DISMISSED.**

### C. Section 502(a)(1)(B) Claim Against BMS

Cintrón's amended complaint asserts a straightforward claim under Section 502(a)(1)(B) seeking payment of terminated LTD benefits. BMS asserts that it delegated to Hartford ACCIDENT all authority to make benefits eligibility determinations under the Plan. Consequently, BMS contends it is not a proper party defendant to Cintrón's benefits claim. In response, Cintrón argues that, pursuant to language in the LTD Plan, amended and restated effective January 1, 1996, BMS maintained responsibility for determining her benefits eligibility. She also asserts that dismissal of her claim against BMS at this stage is not appropriate because BMS failed to demonstrate a clear delegation of fiduciary duties to Hartford ACCIDENT.

In the First Circuit, the proper party defendant in an action concerning ERISA benefits is the party that controls the administration of the plan. *See Terry v. Bayer Corp.,* 145 F.3d 28, 36 (1st Cir. 1998); *accord Garren v. John Hancock Mut. Life Ins. Co.,* 114 F.3d 186, 187 (11th Cir.1997) (per curiam). If an entity other than the named plan administrator makes the final benefits eligibility determination, then that entity functions as the plan administrator for purposes of an ERISA benefits claim. *See Law v. Ernst & Young,* 956 F.2d 364, 372–73 (1st Cir.1992) (treating party as plan administrator where it controlled administration of plan); *see also Moore v. LaFayette Life Ins. Co.,* 458 F.3d 416, 438 (6th Cir.2006) (imposing liability for ERISA benefits on entity acting as final decision-maker with respect benefits eligibility); *Mendes v. Jednak,* 92 F.Supp.2d 58, 66 (D.Conn.2000) (dismissing claim against employer where employer as plan administrator had no involvement in decision to terminate benefits); *MacMillan v. Provident Mut. Life Ins. Co.,* 32 F.Supp.2d 600, 604–05 (W.D.N.Y. 1999) (dismissing claim against plan administrator because claims administrator, not plan administrator, refused to pay benefits). *But see Ford v. MCI Commc'ns Corp. Health & Welfare Plan,* 399 F.3d 1076, 1081–82 (9th Cir.2005) (holding claims administrator with full benefits determination authority not proper party defendant in ERISA benefits claim where plan names plan administrator).

■ It is also clear, however, that a plan administrator who retains any discretion to make eligibility determinations remains amenable to Section 502(a)(1)(B) suit to recover benefits. *See Terry*, 145 F.3d at 35–36 (acknowledging plan administrator remains subject to Section 502(a)(1)(B) suit when third party service provider "merely processes claims"); *see also Seabrooke v. Arch Commc'ns Group, Inc.*, Civil No. 01–349–D, 2003 WL 21434915, at *2, 2003 U.S. Dist. LEXIS 10689, at *5–6 (D.N.H. June 20, 2003) (imposing liability on plan administrator where insurance company made benefits determination *recommendation* to plan administrator rather than final eligibility determination); *Bowman v. Continental Cas. Co.*, Civil No. 3–93–cv–1060(WWE), 1999 WL 118001, at *3–4, 1999 U.S. Dist. LEXIS 2725, at *9 (D.Conn. Mar. 4, 1999) ("[A] claims administrator without the final discretionary authority is not a proper defendant to be held liable for a plan fiduciary's ERISA violation.").

■ The court declines at this time to dismiss Cintrón's Section 502(a)(1)(B) claim against BMS. BMS relies upon several documents in support of its contention that it delegated to Hartford ACCIDENT all authority to make eligibility determinations. Nothwithstanding the parties' arguments and the documentary evidence available at this stage, the court is of the opinion that the matter of BMS' authority-or lack thereof-to ultimately decide Cintrón's benefits claim should be subject to complete discovery and is better resolved upon a developed summary judgment record. Moreover, based on the allegations in Cintrón's complaint, the court cannot conclude that Cintrón can prove no set of facts under which a Section 502(a)(1)(B) claim against BMS might be proper. Dismissal pursuant to Rule 12(b)(6), therefore, is not appropriate.

For the aforementioned reasons, the court **DENIES** BMS' motion to dismiss Cintrón's Section 502(a)(1)(B) claim. Nothing in this opinion and order shall prevent BMS from raising the same argument at a more advanced stage in the litigation.

## D. Section 502(a)(1)(B) Claim Against Hartford LIFE

■ Cintrón also asserts her Section 502(a)(1)(B) claim against Hartford LIFE. In its motion to dismiss, Hartford ACCIDENT-the only Hartford entity that has appeared in this action-points out that the amended complaint contains no allegations pertaining to it; the allegations pertain solely to Hartford LIFE. Hartford ACCIDENT contends that the named defendant, Hartford LIFE, is not the proper party because it is a separate company with no relation to this case. Cintrón asserts that the only document that establishes a relationship between a Hartford entity and the Plan indicates that Hartford LIFE, not Hartford ACCIDENT, assumed responsibility to continue operating the Plan as an insured plan. Her assertion relies upon a Plan financial statement for the years ending on December 2002 and 2001. *See* Docket No. 51, Exh. 1.

Following its initial review of Cintrón's amended complaint and Hartford ACCIDENT's motion to dismiss, the court assumed that Cintrón had simply made a technical error in identifying the Hartford defendant. In fact, the court earlier corrected just such a mistake in the original complaint when it acknowledged that Hartford ACCIDENT, as opposed to named defendant "The Hartford," was the legal entity subject to her suit and against

which a judgment could be enforced.[2] Cintrón's opposition memorandum makes clear, however, that she intentionally named Hartford LIFE as a defendant. Likely she did so because the documents submitted by the parties thus far in the litigation contain brief references to Hartford LIFE in addition to references to Hartford ACCIDENT. *See* Docket No. 7, Exh. 1, p. 23; Docket No. 36, Exh. 3, p. 11; Docket No. 51, Exh. 1. At the same time, Cintrón inexplicably ignores the following: the myriad references to Hartford ACCIDENT in the documents, including in the Claim Reserve Buy–Out Agreement;[3] the fact that Hartford ACCIDENT has voluntarily appeared in this action; and Hartford ACCIDENT's repeated assertions regarding its involvement with the Plan.

Although the facts ultimately may demonstrate that Hartford LIFE has no relation to the Plan and, therefore, no relation to this case, the court will not dismiss Cintrón's claims at this time. Her complaint sufficiently pleads a claim against Hartford LIFE. The court, therefore, **DE-** **NIES** the motion to dismiss Cintrón's Section 502(a)(1)(B) claim against Hartford LIFE.[4]

## IV. Conclusion

For the reasons set forth above, the court **GRANTS IN PART** and **DENIES IN PART** Hartford ACCIDENT's motion to dismiss (Docket No. 47) and **GRANTS IN PART** and **DENIES IN PART** BMS' motion to dismiss (Docket No. 48).

The court **GRANTS** Hartford ACCIDENT and BMS' motions to dismiss Cintrón's breach of fiduciary duty claim. Her breach of fiduciary duty claim against all the defendants is hereby **DISMISSED.**

The court also **GRANTS** Hartford ACCIDENT's motion to dismiss Cintrón's ERISA disclosure claim against all the defendants except BMS. Her ERISA disclosure claim against all the defendants except BMS is hereby **DISMISSED.**

The court **DENIES** Hartford ACCIDENT and BMS' motions to dismiss Cin-

---

**2.** Based on the available record, the court further noted that "Hartford Benefit Management Services," a trade name for Hartford ACCIDENT's claims review services, does not exist as a separate legal entity subject to suit. *See* Docket No. 42, p. 1 n. 2. At that stage of the litigation, Cintrón had made no allegations pertaining to Hartford LIFE.

**3.** According to the Claim Reserve Buy–Out Agreement, Hartford ACCIDENT assumed responsibility for paying LTD benefits to claimants already receiving benefits under the Plan, including Cintrón. The agreement converted the Plan from a self-funded plan into a fully-insured plan. *See* Docket No. 36, Exh.2; Docket No. 60, Exh. 1.

**4.** At this point, the court finds it appropriate to address one additional issue pertaining to Cintrón's Section 502(a)(1)(B) claim. Both BMS and Hartford ACCIDENT assert that Hartford ACCIDENT is the only legal Hartford entity related to the Plan. They also agree that Hartford ACCIDENT acted as insurer and claims administrator and assumed all discretionary responsibility to determine Cintrón's eligibility for benefits. Hartford ACCIDENT admits that it previously paid Cintrón's benefits and made the final decision to terminate her benefits. Notwithstanding these representations, Cintrón does *not* name Hartford ACCIDENT as a defendant. Instead, she names *only* Hartford LIFE. BMS and Hartford ACCIDENT's representations do not bind Cintrón. She may present evidence to contest their assertions. What result follows in this case, however, if Hartford ACCIDENT in fact had sole discretion to determine Cintrón's eligibility for Plan benefits and Hartford LIFE has no relation to the Plan? Presently, Hartford LIFE-not Hartford ACCIDENT-is the only named Hartford defendant. The court suggests that Cintrón ponder the posed question and take whatever action she deems appropriate, i.e., amend the complaint to include Hartford ACCIDENT as a defendant to her Section 502(a)(1)(B) claim.

trón's Section 502(a)(1)(B) claim to recover wrongfully terminated benefits.

**SO ORDERED.**