**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1555

JANET GUZMAN; CHRISTEN HARPER; CLAUDIA SAMPEDRO; JESSICA
KILLINGS, a/k/a Charm; JESSICA HINTON, a/k/a Jessa; PAOLA CANAS;
SANDRA VALENCIA; TIFFANY GRAY, a/k/a Tiffany Toth; GALLIENNE
NABILA,

Plaintiffs - Appellants,

v.

ACUARIUS NIGHT CLUB LLC, d/b/a Acuarius Night Club,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at
Greenville.  Jacquelyn Denise Austin, District Judge.  (6:24-cv-00330-JDA)

Argued:  October 24, 2025                    Decided:  February 13, 2026

Before NIEMEYER, GREGORY, and BERNER, Circuit Judges.

Vacated and remanded by published opinion.  Judge Niemeyer wrote the opinion, in which
Judge Gregory and Judge Berner joined.

John V. Golaszewski, CASAS LAW FIRM, P.C., New York, New York, for Appellants.
Phillip Donald Barber, RICHARD A. HARPOOTLIAN, PA, Columbia, South Carolina,
for Appellee.

NIEMEYER, Circuit Judge:

Nine professional female models commenced this action against Acuarius Night Club LLC, a small nightclub in Greenville, South Carolina, contending that it had misappropriated images of them from their social media pages and used the images to promote the club and its events without notice to the models, without their consent, and without compensation.[1]  In their complaint, they asserted two counts alleging violations of the Lanham Act, 15 U.S.C. § 1125(a)(1), and seven counts alleging violations of state law. For jurisdiction over the state-law claims, they invoked pendent jurisdiction under 28 U.S.C. § 1367(a).

Acuarius filed a motion to dismiss the plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, but the plaintiffs failed to respond to this motion within the 14-day period fixed by local rule. Accordingly, the district court *sua sponte* dismissed their complaint with a text order.  The docket entry shows:  "TEXT ORDER granting as unopposed Defendant's motion to dismiss," and that is followed by entry of judgment.  After unsuccessfully seeking post-judgment relief from the district court, the plaintiffs appealed.

Because we hold that failing to oppose a Rule 12(b)(6) motion is not a sufficient ground for a court's concluding that a complaint fails to state a claim upon which relief can

---

[1] The plaintiffs are Janet Guzman, Christen Harper, Claudia Sampedro, Jessica "Charm" Killings, Jessica "Jessa" Hinton, Paola Cañas, Sandra Valencia, Tiffany Gray a/k/a Tiffany Toth, and Gallienne Nabila.

2

be granted and that Rule 12(b)(6) does not authorize default relief for failure to respond, we vacate the district court's judgment and remand for further proceedings.

I

The plaintiffs are professional female models who reside in California, Florida, and Colombia (South America), and they license their images (photos and other likenesses) "to companies, magazines, and individuals for the purpose of advertising products and services." Their images appear on their social media pages, through which they "market [themselves] to potential clients, grow their fan base, and build and maintain their brand."

In their complaint, the plaintiffs alleged that Acuarius misappropriated their images and incorporated them into Acuarius' own advertising to promote the club and its events, such as "Ladies Night," "Traffic Light Party," "Girls Just Have Fun," "Latin Saturdays," "Hollywood Night," and "Sexy," and that it did so without the plaintiffs' knowledge or permission. The advertising consisted of Acuarius' script describing the club and events, accompanied by various images of the plaintiffs. The plaintiffs also alleged that the advertising falsely suggested that they were employees of the club, endorsed the club, or were somehow affiliated with the club, which they were not. They brought their action in nine counts, asserting two counts for violations of the Lanham Act and seven counts for violations of state law, including a claim in Count III for "Common Law Right of Publicity — Misappropriation of Likeness."

In response to the complaint, Acuarius filed a motion to dismiss under Rule 12(b)(6), contending that the plaintiffs' complaint failed to state a claim upon which relief

3

could be granted.  With respect to the Lanham Act claim, it asserted that the plaintiffs had failed to allege that they owned any of the images that Acuarius used; that the images were trademarks sufficiently strong to cause confusion; and that there was a likelihood of confusion.  It also addressed each state-law claim, arguing that with the exception of Count III, the plaintiffs had also failed to state claims upon which relief could be granted.  As to Count III — the claim under state law for misappropriation of likeness — Acuarius acknowledged that the plaintiffs had adequately stated a claim for relief.  It stated: "Acuarius does not challenge the legal sufficiency of Plaintiffs' misappropriation of likeness claim, though it will at an appropriate stage raise factual defenses.  However, if the Court dismisses the other claims, it should decline supplemental jurisdiction over this sole remaining state-law claim."

The plaintiffs failed to respond to Acuarius' motion to dismiss within the 14-day period fixed by District of South Carolina Local Rule 7.06.  The district court promptly and *sua sponte* issued the following order on the docket, dated April 12, 2024:

> TEXT ORDER granting as unopposed Defendant's motion to dismiss. Accordingly, Counts I, II, IV, V, VI, VII, VIII, and IX, all of which Defendant has asserted fail to state a claim, are dismissed with prejudice; Count III, alleging a state law claim for misappropriation of likeness, is dismissed without prejudice as the Court, having dismissed the only federal claims, declines to exercise supplemental jurisdiction over Count III.

It also entered final judgment that same day.

Three days later, the plaintiffs filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1), stating that their local counsel had inadvertently overlooked the notice of electronic filing, failed to calendar the applicable response

4

deadline, and failed to relay it to their lead counsel in New York. The plaintiffs argued that they had a meritorious opposition to the motion to dismiss, that the mistakes that local counsel made were not "indicative of either firm's typical practice," and that they should not be penalized for local counsel's mistake. The district court denied the plaintiffs' Rule 60(b)(1) motion on June 11, 2024, concluding that "a lawyer's ignorance or carelessness do[es] not present [a] cognizable ground[] for relief under" the Rule.

Two days later, on June 13, 2024, the plaintiffs filed this appeal and, at the same time, another motion to alter or amend the court's judgment, this time citing for support Rules 59(e) and 60(b)(6). In this motion, they argued for the first time that the district court had erroneously dismissed their complaint without determining whether it failed to state a claim on which relief could be granted, as required by our decision in *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416 n.3 (4th Cir. 2014) (noting that "[e]ven though Appellants did not challenge the motions to dismiss, we note that the district court nevertheless ha[d] an obligation to review the motions to ensure that dismissal [was] proper"). The district court again denied this motion, concluding that, to the extent it relied on Rule 59(e), the motion was untimely, having been filed more than 28 days after the entry of judgment on April 12. It likewise rejected the plaintiffs' reliance on Rule 60(b)(6), stating:

> Plaintiffs merely seek to raise arguments seeking reconsideration of legal issues, issues that they could have raised under Rule 59(e) in their First Motion [filed on April 15] and that they could raise on appeal. Nothing about such circumstances is extraordinary, and relief under Rule 60(b)(6) is therefore not warranted.

5

The plaintiffs filed a notice of appeal from the district court's April 12, 2024 judgment and later filed amended notices to challenge the court's orders denying their post-judgment motions.

## II

The plaintiffs contend first that the district court erred in granting Acuarius' motion to dismiss "exclusively on the grounds [they] filed no opposition." (Citing *Stevenson*, 743 F.3d at 416 n.3; *Goudy v. Navy Fed. Credit Union Found.*, No. 23-1721, 2024 WL 2206508, at *1 (4th Cir. May 16, 2024)).

In response, Acuarius contends that the district court actually ruled on the merits, as evidenced by the court's dismissal of eight counts "with prejudice" and Count III "without prejudice." It also contends that the plaintiffs failed to preserve the *Stevenson* issue for appeal, as they raised it for the first time in their second post-judgment motion, which, as a Rule 59(e) motion, was untimely because it was filed over 28 days after the entry of judgment.

We begin by addressing the plaintiffs' argument that the district court erred in entering its text order dated April 12, 2024, "granting as unopposed Defendant's motion to dismiss."

The Federal Rules of Civil Procedure authorize a court to dismiss a complaint when it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). And thus, a 12(b)(6) motion challenges solely the legal sufficiency of the complaint, considered with the assumption that the facts alleged in it are true. *See Francis v. Giacomelli*, 588

6

F.3d 186, 192 (4th Cir. 2009).  Accordingly, a ruling under Rule 12(b)(6) presents a pure question of law, which simply inquires whether the complaint alleges sufficient factual matter, accepted as true, to provide a sufficient basis to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Because Rule 12(b)(6) specifies no other ground for granting a motion to dismiss, it follows that it can be granted *only if* the complaint on its face fails to state a plausible claim upon which relief can be granted.  And vice versa, a motion to dismiss under Rule 12(b)(6) must be denied if the complaint on its face alleges a plausible claim for relief.  This textual formulation does not admit of granting a motion to dismiss on the basis that a party failed to respond to it — *i.e.*, the Rule does not provide for *default relief* for a failure to respond.  A party's failure to respond may preclude that party from later providing its arguments on the motion, but it does not relieve the court of determining whether the complaint is legally sufficient on its face.  That determination can be based only on whether the complaint, with its factual matter, accepted as true states a plausible claim to relief.

Rule 12(b)(6)'s failure to provide or imply that an opposing party must respond to the motion or that the failure to respond will result in the default relief of dismissal stands in stark contrast to other rules where procedural default is provided.  *See, e.g.*, Fed. R. Civ. P. 4(a)(1)(E) (notifying the defendant that failure "to appear and defend will result in a default judgment"); *id*. 8(b)(6) (providing that failure to deny an allegation made in a pleading will result in default admission of the allegation); *id*. 12(h)(1) (providing that failure to file motions under Rule 12(b)(2)–(5) before pleading will result in default waiver

7

of those defenses); *id*. 36(a)(3) (providing that failure to respond timely to a request for admission will result in default admission of the request); *id*. 38(d) (providing that failure to properly demand a jury trial will result in default waiver of a jury trial). Rule 12(b)(6) simply does not provide for any such default relief.

And this conclusion is consistent with our numerous precedents, as well as precedents of others. *See, e.g.*, *Stevenson*, 743 F.3d at 416 n.3 (noting that "[e]ven though Appellants did not challenge the motions to dismiss . . . the district court nevertheless ha[d] an obligation to review the motions to ensure that dismissal [was] proper" (citing *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004))); *Goudy*, 2024 WL 2206508, at *1 (same); 5B *Wright & Miller's Federal Practice & Procedure* § 1357 n.23 (4th ed. 2024) (collecting cases). If a court could grant a dismissal motion simply because it is unopposed, then "the case is simply not being dismissed because the complaint has failed to state a claim upon which relief may be granted . . . [but] [r]ather . . . as a sanction." *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). Hence, although the court may treat the bases for dismissal set forth in an unopposed motion to dismiss as "uncontroverted," *see, e.g.*, *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004), it "may not automatically treat a failure to respond to a 12(b)(6) motion as a procedural default," *Stevenson*, 743 F.3d at 416 n.3 (quoting *Pomerleau*, 362 F.3d at 145); *see, e.g.*, *Goudy*, 2024 WL 2206508, at *1 (a district court "cannot treat a nonresponse [to a motion to dismiss] as a per se procedural default"); *Wright & Miller*, *supra*, § 1357 (where a plaintiff does not respond, "[t]he court is still required to conduct the Rule 12(b)(6) inquiry to determine if the complaint states a valid claim for relief"); *cf. Robinson v. Wix Filtration*

8

*Corp.*, 599 F.3d 403, 409 n.8 (4th Cir. 2010) ("[I]n considering a motion for summary judgment, the district court '*must* review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law'" (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993))).

In this case, the district court granted Acuarius' motion to dismiss filed under Rule 12(b)(6) because the plaintiffs had failed to timely file a response. In its text order, the court stated that it was "granting *as unopposed* Defendant's motion to dismiss." (Emphasis added). And it reiterated this ground in its subsequent memorandum opinion denying the plaintiffs' first post-judgment motion when it stated that "[w]hen Plaintiffs did not respond to the motion [to dismiss] by the April 11, 2024, response deadline, the Court issued a Text Order granting Defendant's motion *as unopposed* on April 12, 2024." (Emphasis added). Nothing in the record shows that the district court assessed the complaint and determined whether the factual matter alleged in it plausibly stated a claim for relief. Rather, the *only reason* appearing for granting the motion was the plaintiffs' failure to file a timely opposition, and that reason does not address the sufficiency of the complaint, as is necessary when deciding such a motion.

Acuarius contends that because the district court dismissed eight counts in the complaint "with prejudice" and one count "without prejudice," it must have considered the merits of its motion to dismiss. While that might well indicate that the district court read Acuarius' motion to dismiss, in which Acuarius essentially conceded that Count III of the complaint did adequately state a claim, there is no indication that the court determined whether the other counts failed to state a claim upon which relief could be granted. Indeed,

the only indication is that it dismissed the other eight counts because the motion to dismiss was "unopposed." And as we note, that is not a sufficient reason to grant a 12(b)(6) motion to dismiss.

Acuarius also urges us to follow the First Circuit's approach in *Pomerleau*, where the court noted that motions to dismiss could be granted as unopposed "where a local rule expressly requires a response to [such] a motion" and "the result does not clearly offend equity." 362 F.3d at 145. We cannot determine, however, whether the *Pomerleau* court would have ruled the same way without such a local rule. As it stands, that decision is fully distinguishable because, in this case, the District of South Carolina has no such local rule. *See* D.S.C. Local Rule 7.06.

Finally, Acuarius contends — both in its response brief and in a separate motion to dismiss this appeal — that the plaintiffs did not properly preserve their *Stevenson* argument because they failed to raise the issue before the district court in their first post-judgment motion. There is no requirement, however, that the plaintiffs raise their argument in a post-judgment motion. Acuarius' argument overlooks the fact that the alleged error here was committed by the district court when entering judgment and taking an appeal from that judgment is all that is necessary to preserve the error for appeal. And it is clear that the plaintiffs timely appealed the district court's judgment when they filed their notice of

appeal two days after the district court denied their first Rule 60(b) motion. *See* 28 U.S.C. § 2107; Fed. R. App. P. 4(a)(4)(A)(vi).[2]

Accordingly, we vacate the district court's judgment dated April 12, 2024, and remand for further proceedings. Because of this ruling, we need not address the district court's post-judgment orders denying the plaintiffs' motions under Rules 59(e) and 60(b).

VACATED AND REMANDED

---

[2] Thus, we deny Acuarius' motion to dismiss the appeal and its alternative request for summary affirmance as moot.