**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-2047

MARQUS L. STEVENSON; GARY L. BARNETT; CHRISTOPHER T. HOWARD,

        Plaintiffs – Appellants,

    and

KIRK BOND, JR.,

        Plaintiff,

    v.

CITY OF SEAT PLEASANT, MARYLAND; LOWERY, Officer, Badge No. 3384, in both his official and individual capacities; ADEY, PFC, Badge No. 2712, in both his official and individual capacities; PRINCE GEORGE'S COUNTY, MD,

        Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:09-cv-01791-RWT)

Argued: October 30, 2013      Decided: February 21, 2014

Before DIAZ and FLOYD, Circuit Judges, and Joseph F. ANDERSON, Jr., United States District Judge for the District of South Carolina, sitting by designation.

Affirmed in part, reversed in part, and remanded with instructions by published opinion. Judge Floyd wrote the opinion, in which Judge Diaz and Judge Anderson joined.

———————

Gregory L. Lattimer, LAW OFFICES OF GREGORY L. LATTIMER, PLLC, Washington, D.C., for Appellants. Shelley Lynn Johnson, PRINCE GEORGE'S COUNTY OFFICE OF LAW, Upper Marlboro, Maryland; Victoria M. Shearer, KARPINSKI, COLARESI & KARP, PA, Baltimore, Maryland, for Appellees.

———————

FLOYD, Circuit Judge:

This appeal comes to the Court after what the district court described as "a rather long and tortured factual history." Several orders are on appeal: dismissal; grant of summary judgment; denial of a motion pursuant to Federal Rule of Civil Procedure 59(e); and denial of a motion pursuant to Federal Rule of Civil Procedure 60(b). As explained in greater detail below, we affirm in part, reverse in part, and remand with instructions.

I.

A.

According to the complaint, in the early-morning hours of July 8, 2007, police officers assaulted Marqus Stevenson, Gary Barnett, and Christopher Howard (collectively, "Appellants"[1]) outside of a nightclub in Prince George's County, Maryland (the "County"). Appellants claim that the attack was unprovoked. Among the officers present at the altercation were Officer LaVance Lowery of the City of Seat Pleasant, Maryland ("Seat Pleasant"), and Officer Rickie Adey of the County. Officer

---

[1] A fourth individual, Kirk Bond, was also assaulted. Bond was a named plaintiff in the complaint but was dismissed with prejudice from the case after he failed to participate in discovery.

Lowery was the only Seat Pleasant officer present, but there were multiple County officers present. Although none of Appellants were able to identify which individual officers assaulted them, it is undisputed that Officer Lowery arrested Stevenson. The merits of that arrest, however, are contested.

On July 8, 2009, Appellants sued Officer Adey and Officer Lowery in their official and individual capacities and the County and Seat Pleasant on the theory of vicarious liability. Although Appellants' complaint mentions other unidentified police officers when describing the events surrounding the assault, those officers were not named as defendants. The complaint contained six counts: Excessive Force/Police Brutality ("Excessive Force"), Battery, Intentional Infliction of Emotional Distress, False Arrest, a count under 42 U.S.C. § 1983 for Deprivation of Civil Rights, and a count under Articles 24 and 26 of the Maryland Constitution. The defendants each moved for partial or total dismissal of the counts against them, which Appellants did not oppose.[2] After dismissal, the following counts remained: as to Officer Adey, Excessive Force and Battery; as to the County, the Maryland constitutional count;

---

[2] Appellants' counsel stated at oral argument that he did not oppose the motions to dismiss due to his inability to make certain submissions and representations to the district court at that time. The Court appreciates this honesty and candor.

4

and as to Officer Lowery, the § 1983 count. All counts against Seat Pleasant were dismissed. As is relevant for purposes of this appeal, the § 1983 count states as follows:

> 35. Plaintiffs further allege that defendants Lowery and Adey, with deliberate indifference to and reckless disregard for the safety and well-being of the plaintiffs, and in violation of the 4th and 5th Amendments to the Constitution, did on July 8, 2007, commit or allow to be committed an unreasonable seizure which deprived the plaintiffs of their Constitutional rights without affording them due process of law.

> 36. As a direct and proximate result of the unreasonable actions of defendants Lowery and Adey, . . . Marqus L. Stevenson [was] subjected to an unlawful seizure when [he was] arrested without probable cause and all of the plaintiffs were subjected to an unreasonable seizure when they all were subjected to unreasonable and unwarranted force.

Officer Adey, Officer Lowery, and the County (collectively, "Appellees") subsequently moved for summary judgment, which Appellants opposed. The district court held a hearing on the motions on December 21, 2010, at which time it granted Appellees' motions in their entireties except as to the § 1983 count against Officer Lowery by Stevenson. As to the other counts, the district court determined that there was no credible evidence to show that Officer Adey and Officer Lowery assaulted any of Appellants and, absent such a showing with respect to

5

Officer Adey, the County could not be liable on the theory of vicarious liability. Finally, the district court stated the following at the summary judgment hearing with respect to Appellants' theory of bystander liability:

> Bystander liability was not pled in this case. There was no pleading indicating that an officer who had control of the situation observed people in violation of the recognition of that as a cause of action and failed to do something about it. And to allow this to be pled and asserted for the first time in response to a Summary Judgment motion, when it hasn't been pled and hasn't been explored in discovery, is not going to be considered by the Court.

Following the hearing, the district court entered a written order on December 22, 2010, respecting summary judgment.

On January 13, 2011, Appellants moved pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the district court's ruling on summary judgment. Specifically, Appellants contended that, inter alia, they had sufficiently stated a cause of action for bystander liability. The district court denied Appellants' motion on May 19, 2011. In doing so, the court stated that it "does not dispute that bystander liability is a cognizable theory under § 1983. However, [Appellants] utterly failed to plead this theory or otherwise provide fair notice to . . . [Appellees] that they sought liability on this theory."

A jury trial was held from May 31 to June 2, 2011, on the sole count of Stevenson's § 1983 claim against Officer Lowery.

6

Officer Lowery moved for judgment at the end of Stevenson's presentation of the case and again after he presented his own case, and the district court reserved judgment on both motions. Then, during the rebuttal closing argument, Stevenson's attorney mentioned bystander liability, and Officer Lowery's attorney objected. The district court allowed the reference to bystander liability, and the case was submitted to the jury. During deliberations, the jury submitted the following question to the court: "Does excessive force require contact? Or if a police officer does not intervene in the [use of] excessive force is that consider[ed] excessive force?" The court then brought the jury back into the courtroom, instructed the jury on bystander liability, and allowed Officer Lowery to sur-rebut Stevenson's argument. The jury ultimately found that Officer Lowery violated Stevenson's constitutional rights by using excessive force and awarded to Stevenson damages in the amount of $36,000.

After the trial, Officer Lowery moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) on the grounds that bystander liability had not been pleaded and was improperly injected into the case at closing argument. The district court held a hearing on Officer Lowery's motion on January 12, 2012, at which time the court determined that paragraphs 35 and 36 of the complaint did sufficiently state a

cause of action for bystander liability, thus changing course from its ruling at summary judgment. The court stated:

> With the 20/20 vision of hindsight, I believe that I probably overstated things in my May 2011 ruling . . . in concluding that [Appellants] utterly failed to plead [bystander liability] because they did indicate in the relevant paragraph of the complaint that the defendants, . . . with deliberate indifference to and reckless disregard for [the] safety and well-being of [Stevenson] . . . did, on July 8, 2007, commit or allow to be committed an[] unreasonable seizure . . . . I think with the 20/20 vision of hindsight I would have to say that [bystander liability] was pled.
>
> . . .
>
>  I believe that I have made an error, and I would rather fix it myself than have the Fourth Circuit do it.

Although Officer Lowery did not ask for a new trial in his motion, the district court granted Officer Lowery's motion and ordered a new trial pursuant to its authority under Rule 50(b). The court stated that, "at the new trial, the theory of Bystander Liability will be front and center." Prior to a second trial, however, Officer Lowery and Stevenson reached a settlement agreement.

On May 18, 2012, Appellants moved pursuant to Federal Rule of Civil Procedure 60(b) to vacate the district court's May 19, 2011 order as it pertained to bystander liability. Appellants argued that, in light of the district court's post-trial

8

determination that they had sufficiently pleaded bystander liability, each of Appellants was entitled to a trial for bystander liability against Officer Adey and the County, and Howard and Barnett were also entitled to a trial for bystander liability against Officer Lowery. The district court denied Appellants' Rule 60(b) motion on the grounds that "there is no mistake or injustice that justifies vacating the May 19, 2011 order" and because the Rule 60(b) motion was not timely filed. On this latter point, the district court ruled that the Rule 60(b) motion was effectively a motion to vacate the written summary judgment order—dated December 22, 2010—and that the one-year limitations period applicable to Rule 60(b)(1) motions had expired.

On August 6, 2012, the district court entered an order respecting Officer Lowery and Stevenson's settlement agreement and dismissing all claims. Appellants subsequently timely filed a notice of appeal pertaining to (1) the district court's grant of Appellees' unopposed motions to dismiss; (2) the grant of summary judgment to Appellees; (3) the denial of Appellants' Rule 59(e) motion; and (4) the denial of Appellants' Rule 60(b) motion. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

B.

Before reaching the merits of the several orders on appeal, we must first sort out what issues remain before the Court. Because none of the orders on appeal either (1) adjudicated "all the claims or the rights and liabilities of . . . all the parties" or (2) included an "express[] determin[ation]" that there was no just reason for delaying final judgment, each of the orders listed in Appellants' Notice of Appeal did not become ripe for appeal prior to the district court's August 6, 2012 order dismissing all claims against Officer Lowery; thus, each order is properly before the Court from a procedural standpoint. See Fed. R. Civ. P. 54(b); see also Fox v. Balt. City Police Dep't, 201 F.3d 526, 530 (4th Cir. 2000) ("We lack jurisdiction to review a district court's order unless that order constitutes a 'final' judgment. . . . Ordinarily, a district court order is not 'final' until it has resolved all claims as to all parties.").

Appellants, however, presented no arguments in their brief against the district court's order granting Appellees' and Seat Pleasant's unopposed motions for partial and total dismissal. Accordingly, even though Appellants listed the February 17, 2010 dismissal order in their Notice of Appeal, Appellants waived any challenge regarding the dismissal of all counts against Seat Pleasant, all counts but the § 1983 count against Officer

10

Lowery, all counts but the Excessive Force and Battery counts against Officer Adey, and all counts but the Maryland constitutional count against the County.[3]  See Canady v. Crestar Mortg. Corp., 109 F.3d 969, 973-74 (4th Cir. 1997) (issues raised in notice of appeal but not briefed on appeal are deemed waived).

---

[3] Even though Appellants did not challenge the motions to dismiss, we note that the district court nevertheless has an obligation to review the motions to ensure that dismissal is proper.  See Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 145 (1st Cir. 2004) ("When deciding a 12(b)(6) motion, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim.  This obligation means that a court may not automatically treat a failure to respond to a 12(b)(6) motion as a procedural default." (citation and internal quotation marks omitted)); see also Webb v. Morella, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) ("The district court granted the motion to dismiss the complaint under Rule 12(b)(6) because it was 'unopposed.' The Federal Rules of Civil Procedure, however, do not, by their own terms, require a party to file a response in opposition to a motion to dismiss.  Accordingly, the district court improperly granted the motion to dismiss for failure to state a claim solely because the [plaintiffs] failed to oppose the motion." (citation omitted)); cf. Robinson v. Wix Filtration Corp., 599 F.3d 403, 409 n.8 (4th Cir. 2010) ("[I]n considering a motion for summary judgment, the district court 'must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'" (quoting Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993))).  Here, although the district court's written order effecting dismissal did not comment on the merits of the motions to dismiss, the disrict court stated at the summary judgment hearing that it granted the dismissal motions for the stated reasons.  Subject to certain misstatements of law, see infra note 4, we conclude that dismissal for the stated reasons was proper.

11

The remaining three orders on appeal—summary judgment, the denial of Appellants' Rule 59(e) motion, and the denial of Appellants' Rule 60(b) motion—present a host of issues that we consider in turn, beginning with the sufficiency of the complaint with respect to bystander liability. Although the standards for reviewing the aforementioned orders are different, compare Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc) (decision on summary judgment reviewed de novo), with Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010) (decision on Rule 59(e) motion reviewed for an abuse of discretion), and Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 869 (4th Cir. 1999) (decision on Rule 60(b) motion reviewed for abuse of discretion), Appellants' Notice of Appeal evinced a clear intent to review the summary judgment order itself, and thus our review is de novo. See Brown v. French, 147 F.3d 307, 310–11 (4th Cir. 1998) ("[D]esignation of a postjudgment motion in the notice of appeal is adequate to support a review of the final judgment when the intent to do so is clear.").

## II.

This Court recognizes a cause of action for bystander liability "premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who

12

commits them." Randall v. Prince George's Cnty., 302 F.3d 188, 203 (4th Cir. 2002). To succeed on a theory of bystander liability, a plaintiff must demonstrate that a law-enforcement officer "(1) [knew] that a fellow officer [was] violating an individual's constitutional rights; (2) ha[d] a reasonable opportunity to prevent the harm; and (3) cho[se] not to act." Id. at 204 (footnote omitted). As quoted in its entirety above and stated in relevant part here, paragraph 35 of the complaint alleges that Officer Lowery and Officer Adey "did on July 8, 2007, commit or allow to be committed an unreasonable seizure which deprived the plaintiffs of their Constitutional rights without affording them due process of law." (Emphasis added.) Appellants maintain on appeal that this language sufficiently states a cause of action for bystander liability, whereas Appellees contend that the district court erred in determining, post-trial, that bystander liability had been sufficiently pleaded the entire time and that they were put on notice of Appellants' claim.

A.

In general, whether a complaint sufficiently states a claim upon which relief can be granted is governed by the Supreme Court's plausibility pleading framework. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544

(2007).  Both <u>Iqbal</u> and <u>Twombly</u>, however, pertain to whether a complaint contains sufficient factual matter to proceed beyond dismissal.  See <u>Iqbal</u>, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); <u>Twombly</u>, 550 U.S. at 570 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.").  Here, none of Appellees moved to dismiss the § 1983 count of the complaint for insufficient factual detail.  Rather, Officer Lowery answered the § 1983 count; Officer Adey moved to dismiss the § 1983 count on the theories that the arrest of Stevenson was lawful and that the Fifth Amendment applies to the federal government only and not to state governments or political subdivisions thereof[4]; and

---

[4]  On this latter theory, we note that only certain provisions of the Fifth Amendment do not apply to the individual States.  See <u>Albright v. Oliver</u>, 510 U.S. 266, 272 (1994) (citing <u>Hurtado v. California</u>, 110 U.S. 516, 538 (1884) (requirement of indictment by grand jury for capital crimes not applicable to the States)); <u>but see</u> <u>Benton v. Maryland</u>, 395 U.S. 784, 794 (1969) (prohibition on double jeopardy applicable to the States); <u>Malloy v. Hogan</u>, 378 U.S. 1, 6 (1964) (privilege against self-incrimination applicable to the States).  Moreover, Officer Adey's motion to dismiss references an "equal protection clause of the Fifth Amendment."  To clarify, there is no express equal protection clause in the Fifth Amendment, as there is in the Fourteenth Amendment.  <u>Detroit Bank v. United States</u>, 317 U.S. 329, 337 (1943).  However, the Supreme Court has been clear

the County moved for dismissal on the theory that, pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), municipal governments cannot be held vicariously liable for constitutional violations committed by their employees unless the employees were acting pursuant to a "policy or custom," and the County does not endorse a "policy or custom" whereby its employees violate others' constitutional rights.

Further, Appellees did not raise the sufficiency of the pleading in the § 1983 count with respect to bystander liability until their reply to Appellants' opposition to the motions for summary judgment. And even then, Appellees did not argue that the complaint contained insufficient factual matter; rather, in written reply and at the summary judgment hearing, Appellees contended only that they were never put on notice of Appellants' legal theory of bystander liability. Accordingly, the factual pleading framework of Twombly-Iqbal is largely inapplicable here, as Appellees' argument is that Appellants failed to connect the dots in their complaint—not that the complaint

---

that "the Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws." Vance v. Bradley, 440 U.S. 93, 94 n.1 (1979); see also Weinberger v. Wiesenfeld, 420 U.S. 636, 638 n.2 (1975) ("The Court's approach to Fifth Amendment equal protection claims has always been precisely the same as to equal protection claims under the Fourteenth Amendment.").

15

itself contains insufficient factual information from which to draw reasonable inferences.

## B.

Appellees raise two principal arguments against the district court's post-trial ruling that bystander liability was sufficiently pleaded in the § 1983 count (paragraphs 35 and 36) of the complaint. We address these arguments in turn, reviewing the district court's ruling de novo. See Teachers' Ret. Sys. v. Hunter, 477 F.3d 162, 170 (4th Cir. 2012) (standard of review regarding the legal sufficiency of a complaint).

## 1.

Appellees' first challenge to the complaint's sufficiency with respect to bystander liability is that "the phrase ['bystander liability'] appeared nowhere in the complaint." Appellants, however, were not required to use any precise or magical words in their pleading. See, e.g., Sansotta v. Town of Nags Head, 724 F.3d 533, 548 (4th Cir. 2013) ("We see no reason why the [plaintiffs] needed to use any special phrasing in their complaint, as this complaint gave the [defendant] 'fair notice' of the [plaintiffs'] claims."); E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 447–48 (4th Cir. 2011) (rejecting the argument that a cause of action for price

discrimination had not been sufficiently pleaded "because [the counterclaimant] did not use the phrase 'price discrimination' in its Counterclaim"); see also Okoli v. City of Baltimore, 648 F.3d 216, 224 n.8 (4th Cir. 2011) ("[S]sexual harassment complaints need not include 'magic words' such as 'sex' or 'sexual' to be effective." (citing cases)); Labram v. Havel, 43 F.3d 918, 920-21 (4th Cir. 1995) ("Legal labels characterizing a claim cannot, standing alone, determine whether it fails to meet [the standard for notice pleading pursuant to Federal Rule of Civil Procedure 8(a)(2)]."). Our sister circuits have reached the same conclusion regarding whether precise or specific words must be present to sufficiently state a cause of action. See, e.g., Segal v. Fifth Third Bank, N.A., 581 F.3d 305, 310 (6th Cir. 2009) ("Courts may look to—they must look to—the substance of a complaint's allegations . . . . Otherwise, [statutory] enforcement would [be] reduce[d] to a formalistic search through the pages of the complaint for magic words . . . ."); United States v. Davis, 261 F.3d 1, 45 n.40 (1st Cir. 2001) ("[Plaintiff] need not have used the magic word 'declaratory judgment' in its pleading to put the defendants on notice that its claims could be resolved with a grant of declaratory relief.").

Tobey v. Jones, 706 F.3d 379 (4th Cir. 2013), is further instructive. There, the plaintiff sued Transportation Security

17

Administration (TSA) agents pursuant to 42 U.S.C. § 1983 for violating his First Amendment right to free speech after he was arrested for peacefully protesting the TSA's screening measures. See id. at 383–84. Although the TSA agents lacked the official authority to arrest him, the plaintiff alleged that they effected an arrest of him by reporting his protest to airport police, who had the requisite authority. Id. at 386. The district court dismissed the complaint, stating that the complaint "doesn't say directly that [the plaintiff's arrest] was at the instruction of the TSA." Id. at 385 (alteration in original) (citation and internal quotation marks omitted). This Court reversed, noting that "Section 1983 . . . anticipates that a government official will be 'responsible for the natural consequences of his actions[,]'" id. at 386 (quoting Malley v. Briggs, 475 U.S. 335, 344 n.7 (1986)), and because "[i]t is an undoubtedly natural consequence of reporting a person to the police that the person will be arrested," "it [was] logical to assume that [the TSA agents] had a hand in [the plaintiff's] arrest," id. at 386.

The same is true in this case as in Tobey—that Appellants' complaint does not recite expressly the elements of bystander liability as set forth in Randall does not direct the conclusion that the complaint fails to plead a cause of action for the same. Appellants alleged that they "were subjected to an

18

unreasonable seizure when they all were subjected to unreasonable and unwarranted force." Based on Officer Lowery's and Officer Adey's undisputed presence at the scene of the altercation and the allegation that the officers "allow[ed] to be committed . . . unreasonable seizure[s]," it requires no legal gymnastics or finagling to liken the language of paragraphs 35 and 36 of the complaint with the notion that Officer Lowery and Officer Adey (1) knew that fellow officers were violating Appellants' constitutional rights by using excessive force, (2) had a reasonable opportunity to prevent such violations, and (3) chose not to act. See Randall, 302 F.3d at 204. In other words, it was "an undoubtedly natural consequence" that, absent intervention by Officer Lowery and Officer Adey, other officers would continue to violate Appellants' constitutional rights. See Tobey, 706 F.3d at 386.

2.

Appellees' second argument that they were not put on notice of Appellants' bystander-liability claim is that "[a] 'bystander liability' cause of action was never asserted by Appellants in their discovery responses." We have reviewed the exhibits submitted with Appellees' separate motions for summary judgment and did not find anything in Appellees' interrogatories to Appellants or the transcripts of Appellants' depositions where

19

Appellees asked Appellants about their theories of liability for the case. And, perhaps not surprisingly, Appellees have not provided any citations to instances where they allege that Appellants were asked about the theories of liability underlying the case but failed to provide adequate notice of bystander liability. At best, Appellees asked Appellants to, "Provide a complete statement of the facts upon which you base your contention that you were the victim of the use of excessive force, stating precisely what you contend was done to you and by whom." The very essence of bystander liability, however, is premised on an individual's passivity and nonparticipation while another individual violates a person's constitutional rights—not on the bystander actively causing the harm. See Randall, 302 F.3d at 204 n.24 ("The rationale underlying the bystander liability theory is that a bystanding officer, by choosing not to intervene, functionally participates in the unconstitutional act of his fellow officer." (emphasis added)). Thus, to the extent that Appellees claim that Appellants should have mentioned bystander liability in response to their discovery inquiries, Appellees simply did not ask the correct questions.

Regardless, discovery is an exercise in fact-finding, and it is the complaint—not depositions or interrogatories—that provides "fair notice" to defendants of the allegations against them. See Coleman v. Md. Court of Appeals, 626 F.3d 187, 190

20

(4th Cir. 2010). Thus, inasmuch as we have already determined above that the plain language of the complaint sufficiently states a cause of action for bystander liability, whether "bystander liability" was mentioned specifically in Appellants' answers and responses to Appellees' discovery inquiries is inapposite of the notice issue.

For the reasons set forth above, we affirm the district court's post-trial determination that Appellants' complaint, specifically paragraphs 35 and 36, sufficiently states a cause of action for bystander liability pursuant to 42 U.S.C. § 1983. In doing so, however, we must therefore reverse and vacate the district court's summary judgment ruling to the opposite effect.

C.

Having determined that the district court erred at summary judgment in its construction of the complaint with respect to bystander liability, it is necessary to sort out which parties this reversal impacts. As noted above, the only claims that survived dismissal were the Excessive Force and Battery counts as to Officer Adey, the § 1983 count as to Officer Lowery, and the Maryland constitutional count as to the County. Of these remaining counts, however, only the § 1983 count contains the "allow to be committed" language that states a cause of action for bystander liability. Accordingly, inasmuch as bystander

21

liability was not pleaded in the Excessive Force and Battery counts (nor do Appellants contend otherwise), Officer Adey cannot be held liable as a bystander.  It further follows that, at least with respect to bystander liability,[5] the County cannot be held vicariously liable for the Maryland constitutional count.  See Grayson v. Peed, 195 F.3d 692, 697 (4th Cir. 1999) ("As there are no underlying constitutional violations by any individual, there can be no municipal liability." (citing City of L.A. v. Heller, 475 U.S. 796, 799 (1986))).

Appellants' counsel argued at the summary judgment hearing that Appellants intended to assert vicarious liability against the County for all County officers who either committed, or allowed to be committed, constitutional violations against Appellants—not just Officer Adey.  The language of the Maryland constitutional count, however, does not sweep this broadly.  Specifically, that count states that, "Seat Pleasant and Prince George's County are liable on the basis of respondeat superior for any violations of the Maryland Constitution by Defendants Lowery and Adey that deprived plaintiffs of their rights under Articles 24 and 26."  (Emphasis added.)  Although Appellants

---

[5] Appellants also challenge the district court's grant of summary judgment to Officer Adey on the Excessive Force and Battery counts and the grant of summary judgment to the County on the Maryland constitutional count.  We address these challenges infra at Part III.

were not required to list as defendants (either by name or as John Does) all County officers who were present at the scene to assert liability against the County for those officers' actions, the Maryland constitutional count must have still put the County on notice of any claims against it due to the actions of officers not named Adey; it plainly did not. Moreover, the fact that Appellants incorporated by reference background paragraphs 1–19 of the complaint—which mention unnamed County officers as being present at the altercation and assaulting Appellants—into the Maryland constitutional count is of no moment. See, e.g., Cook v. Howard, 484 F. App'x 805, 808 n.3 (4th Cir. 2012) (noting that although "the amended complaint also designated 'John Does 1–100' as defendants[,] . . . none of the counts specifically referred to them"); Lee v. State Bd. for Cmty. Coll., 62 F.3d 1415 (4th Cir. 1995) (unpublished table decision) ("In her complaint, [the plaintiff] addressed the promotion issue as factual background and not as a separate count. [The defendant] was not on notice that failure to promote was a separate claim, nor did the district court address it as such. Consequently, we need not address this issue.").

To summarize, the only defendant that the reversal of the summary judgment ruling with respect to bystander liability impacts is Officer Lowery because he is the only defendant against whom the § 1983 count survived dismissal. Accordingly,

23

we reverse and remand this case to the district court to reconsider the parties' summary judgment papers and to order additional briefing, if necessary, regarding Officer Lowery's potential liability as a bystander to the assaults against Howard and Barnett. And because we determine that the district court erred at summary judgment, we need not consider the merits of Appellants' motions pursuant to Rules 59(e) and 60(b) that pertain to the same subject matter.

## III.

As noted above, Appellants also appeal the district court's grant of summary judgment and denial of their Rule 59(e) motion with respect to Officer Adey as a principal actor in the assaults and the County as being vicariously liable for the same. As with the sufficiency of the complaint, we will review the district court's summary judgment ruling and not the order denying the subsequently filed Rule 59(e) motion; accordingly, our review is de novo. See Brown, 147 F.3d 310-11.

## A.

At the summary judgment hearing, the district court determined that there was no credible evidence to show that Officer Adey was responsible for the assaults on Howard, Barnett, or Stevenson, or that Officer Lowery was responsible

24

for the assaults on Howard or Barnett.[6]  We say "credible" evidence because Appellants did submit multiple affidavits with their opposition to Appellees' motion for summary judgment. Those affidavits—and specifically Barnett's affidavit—were what Appellants principally relied upon at the summary judgment hearing to show that there remained disputes of material fact for trial.  But as the district court noted, Barnett's affidavit contradicted his earlier-given testimony and was "riddled with inconsistencies."  For example, Barnett stated in his affidavit that he "witnessed an Officer, whose name [he] later learned was Adey, strike Chris Howard in the face and knock [Howard] unconscious."  Yet, Barnett previously stated at his deposition that it was not until "<u>after</u> [Howard was knocked out] that[] . . . Officer Adey sprung into action."  (Emphasis added.)  More importantly, when Barnett was asked point-blank in his deposition, "Did you see Officer Adey physically hit, touch or come into contact with you or Mr. Stevenson or Mr. Bond or Mr. Howard?", Barnett replied only, "Mr. Bond."

---

[6] In their appeal brief, Appellants made the same arguments against the grant of partial summary judgment to Officer Lowery with respect to Howard and Barnett as they did in regard to the grant of summary judgment to Officer Adey with respect to all Appellants.  Accordingly, we need only address the grant of summary judgment to Officer Adey to resolve the issue.

This Court has previously referred to bogus affidavits submitted in opposition to summary judgment for the purpose of creating disputes of material fact as "sham" affidavits. See, e.g., Jackson v. Consolidation Coal Co., 21 F.3d 422 (4th Cir. 1994) (unpublished table decision); see also Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984) ("If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." (citation and internal quotation marks omitted)). Here, we recognize that the events immediately preceding the assault on Appellants occurred suddenly and that Appellants were subjected to a great deal of stress; thus, we do not accuse Appellants, and specifically Barnett, of submitting a sham affidavit to create a bogus material factual dispute with the goal of defeating summary judgment. Nevertheless, we must decide this case on the record before us and, based on that record, we cannot say that the district court erred due to the inconsistencies between Barnett's prior testimony and his affidavit. See Barwick, 736 F.2d at 960 ("A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct."). Accordingly, we affirm the

26

district's grant of summary judgment to Officer Adey on the Excessive Force and Battery counts with respect to all Appellants and the grant of summary judgment to Officer Lowery in his alleged role as a principal actor (i.e., one who actually committed the assaults) on the § 1983 count with respect to Howard and Barnett.

B.

Two corollary rulings flow from our decision to affirm this aspect of the district court's grant of summary judgment. First, as similarly adjudicated above in the context of bystander liability, because Officer Adey is not liable for either the Battery or Excessive Force counts as to any of Appellants, the County is also not liable pursuant to the Maryland constitutional count on the theory of vicarious liability. See Grayson v. Peed, 195 F.3d 692, 697 (4th Cir. 1999); supra note 5 and accompanying text. And second, it logically follows that because the district court did not err under de novo review in granting summary judgment to Officer Adey, Officer Lowery, and the County, the district court also did not abuse its discretion by denying Appellants' Rule 59(e) motion to alter or amend the ruling on summary judgment.

IV.

For the reasons set forth above, we affirm in part, reverse in part, and remand for reconsideration of Officer Lowery's and Howard and Barnett's summary judgment papers pursuant to a framework in which bystander liability was properly pleaded.

<u>AFFIRMED IN PART, REVERSED IN PART,</u>
<u>AND REMANDED WITH INSTRUCTIONS</u>

28