**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-1703

LIFE TECHNOLOGIES CORPORATION, A DELAWARE CORPORATION,

Plaintiff - Appellee,

v.

KRISHNAMURTHY GOVINDARAJ, Former President, Life Technologies
Corporation, a Maryland Corporation,

Party-in-Interest - Appellant,

and

LIFE TECHNOLOGIES CORPORATION, Montgomery County, Maryland,

Defendant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
Roger W. Titus, Senior District Judge.  (8:10-cv-03527-RWT)

Argued:  March 21, 2019                          Decided:  July 24, 2019
                        Amended:  August 7, 2019

Before AGEE, KEENAN, and QUATTLEBAUM, Circuit Judges.

Affirmed in part, vacated in part, and remanded by published opinion.  Judge Keenan
wrote the opinion, in which Judge Agee and Judge Quattlebaum joined.

**ARGUED:** Michael R. Williams, BUSH SEYFERTH & PAIGE PLLC, Kalamazoo, Michigan, for Appellant. Meghan Canty Murphey, THEODORA ORINGHER PC, Costa Mesa, California, for Appellee. **ON BRIEF:** Brittney D. Kohn, BUSH SEYFERTH & PAIGE PLLC, Troy, Michigan, for Appellant. Matthew D. Murphey, THEODORA ORINGHER PC, Costa Mesa, California, for Appellee.

_____

BARBARA MILANO KEENAN, Circuit Judge:

The plaintiff in this case, Life Technologies Corp., filed a complaint against another corporation of the same name (the defendant corporation, or the defendant), alleging trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). The plaintiff obtained an injunction against the defendant corporation and its officers, including the corporation's president, Dr. Krishnamurthy Govindaraj, who was not named as a defendant.[1] After entry of default judgment against the corporation and years of damages-related discovery, the district court awarded more than $1.7 million in damages, as well as more than $555,000 in attorneys' fees, against both the defendant corporation and Govindaraj personally. In holding Govindaraj personally liable for the money judgment despite his status as a non-party, the district court emphasized Govindaraj's position as an officer of the defendant corporation and his continuing attempts to obstruct the litigation "in defiance of orders of [the] court."

Upon our review, we conclude that the district court erred in entering judgment against Govindaraj personally when he was not named as a party or otherwise brought into the case by service of process. We additionally hold that the court did not abuse its discretion in finding Govindaraj in contempt of court. We therefore affirm in part, and vacate in part, the district court's judgment. We remand the case for the court to determine whether any of the damages and fees award entered against Govindaraj is attributable to his contempt of court.

---

[1] Govindaraj does not appeal the district court's order entering an injunction against him as an officer of the defendant corporation.

3

I.

In December 2010, plaintiff Life Technologies Corp., a Delaware corporation, filed a two-count complaint against the defendant, Life Technologies Corp., a Maryland corporation, alleging that the defendant corporation was infringing on the plaintiff's registered trademark, "Life Technologies." Among other things, the plaintiff alleged that the defendant corporation, plaintiff's competitor in the field of scientific products and services, improperly was using the "Life Technologies" mark as part of various internet domain names to market the defendant's goods and services.

The plaintiff sought declaratory and injunctive relief, as well as treble damages under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). It is undisputed that the plaintiff did not name Govindaraj as a defendant, and did not refer to him in any allegations of the complaint.[2]

In March 2012, the district court entered default judgment against the defendant corporation. The court additionally held that Govindaraj had acted in bad faith during the litigation, observing that his statements on behalf of the defendant corporation were "laughably incorrect" and "absurd." The court entered an order enjoining the defendant corporation, and Govindaraj and his wife as corporate officers, from engaging in further activity infringing on the plaintiff's registered trademark. The court also held that based

---

[2] In addition to the defendant corporation, the complaint also listed five "Doe" defendants. The plaintiff never sought to substitute specified individuals for these Doe defendants, who were not referenced later in the litigation.

on the defendant's willful conduct, the case was "exceptional," entitling the plaintiff to payment of its costs and attorneys' fees. The court directed that the plaintiff be awarded damages from the defendant corporation, including treble damages, in an amount to be determined following additional discovery in the case.[3]

Around the same time, Govindaraj dissolved the defendant corporation without notice to the corporation's creditors. In the months that followed, Govindaraj violated the court's injunction and continually attempted to obstruct the discovery process related to determining a damages award. Among other things, in violation of the discovery proceedings, Govindaraj transferred some internet domain names to foreign entities, made repeated false claims regarding the company's finances, and refused to produce various documents.

In November 2012, the district court issued an order directing Govindaraj to show cause why he should not be held in contempt of court for violating the court's injunction. At a show cause hearing held the next month, Govindaraj, represented by counsel, made his first formal appearance in the case as an interested party. After Govindaraj testified at the hearing, the district court sua sponte raised the question whether damages could be awarded against Govindaraj personally. When Govindaraj's counsel inquired whether the court might pierce the corporate veil, the court responded that piercing the corporate veil "may be what's necessary to effectuate the court's judgment." At that time, the court

---

[3] In October 2012, the district court awarded over $240,000 in attorneys' fees and costs against the defendant corporation for work performed by the plaintiff's counsel before entry of default judgment on the merits of the case. That award was entered only against the defendant corporation and is not at issue in this appeal.

held Govindaraj in contempt for violating the injunction order, but "with[e]ld the judgment as to the sanction to impose."

Govindaraj continued his obstructionist conduct during more than three additional years of discovery related to damages sustained by the plaintiff. In September 2014, the court again held Govindaraj in contempt for refusing to authorize the plaintiff access to certain email accounts as required by a prior court order. The court delayed imposition of sanctions until the court made a final determination regarding damages.

In late 2015, the plaintiff filed motions seeking damages for trademark infringement and for attorneys' fees, asking the court to hold Govindaraj and his wife jointly and severally liable for those damages and fees along with the defendant corporation. During a hearing on the motions, the plaintiff asserted that although Govindaraj and his wife had not been named as defendants in the action, they were personally responsible as officers of the corporation for the defendant's acts of infringement and, thus, could be held personally liable for an award of damages and attorneys' fees.

The district court found that Govindaraj was "clearly . . . the mastermind of th[e] corporate entity," had "fully participated in and fully understood what was going on" in the litigation, and had "attempted to thwart [the litigation] over and over again." Based on Govindaraj's actions "in defiance of orders of [the] court," the district court imposed an award of damages and attorneys' fees against Govindaraj personally. The plaintiff did not argue, and the court did not find, that piercing the corporate veil of the defendant corporation was warranted or that Govindaraj was an "alter ego" of that corporation.

6

The court later entered an order holding Govindaraj and the defendant corporation jointly and severally liable for payment of treble damages in the total amount of $1,712,936.49.[4] The court also awarded over $555,000 in attorneys' fees and costs against both Govindaraj and the defendant corporation. Govindaraj now appeals.[5]

## II.

Govindaraj argues that the district court violated his due process rights in entering a judgment against him for damages and attorneys' fees when he was not named as a defendant in the action. He contends that because he was not a party in the case, he was unable to defend himself against individual liability as a corporate officer or as a putative alter ego of the defendant corporation.

In response, the plaintiff argues that Govindaraj was subject to personal liability, because he was directly responsible for the acts of trademark infringement committed by the defendant corporation. Additionally, the plaintiff asserts that Govindaraj was the alter ego of the defendant corporation, was on notice of the plaintiff's allegations, and participated fully throughout the district court proceedings. Thus, the plaintiff submits that it was not required to name Govindaraj as a party given his well-known role in the activities of the defendant corporation. We disagree with the plaintiff's arguments.

---

[4] The court denied the plaintiff's request to hold Govindaraj's wife personally liable for payment of the judgment awarding damages and attorneys' fees to the plaintiff.

[5] The defendant corporation does not appeal the judgment entered against it.

7

We review de novo the question of law whether the district court erred in entering judgment against a non-party to the litigation. *See Sky Cable, LLC v. DIRECTV, Inc.*, 886 F.3d 375, 391 (4th Cir. 2018); *Wright v. North Carolina*, 787 F.3d 256, 261 (4th Cir. 2015). Under well-established principles of due process, a person is not subject to a judgment entered in litigation in which he has not been named as a party or been "made a party by service of process." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 846 (1999) (citation omitted); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110-12 (1969). "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Such service of process is fundamental to the imposition of any procedural restraint on a named defendant, and enables the court to exercise personal jurisdiction over him. *Id.*; *United States v. Perez*, 752 F.3d 398, 406 (4th Cir. 2014) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). By precluding entry of judgment against a non-party to a case, these due process principles ensure that a court does not "adjudicate a personal claim or obligation unless [the court] has jurisdiction over the person of the defendant." *Zenith Radio*, 395 U.S. at 110.

Due process also requires that a defendant "be given an opportunity to respond and contest his personal liability . . . after he [is] made a party and before the entry of judgment against him." *Nelson v. Adams, USA, Inc.*, 529 U.S. 460, 463 (2000). Thus, fundamental to the protection of due process is "an opportunity to be heard . . . *at a*

8

*meaningful time.*"  *Sciolino v. City of Newport News*, 480 F.3d 642, 653 (4th Cir. 2007) (citation and internal quotation marks omitted) (emphasis added).  A person must have a "fair chance" to respond to allegations made against him, and that opportunity must be provided in a "reliable and orderly" fashion.  *Nelson*, 529 U.S. at 467.  These concerns are reflected in the Federal Rules of Civil Procedure, which require identification of the defendants in a complaint, service of process, and compliance with rules for amending a complaint to add new defendants.  *See* Fed. R. Civ. P. 4, 15, 17; *Nelson*, 529 U.S. at 465 ("The Federal Rules of Civil Procedure are designed to further the due process of law that the Constitution guarantees.").

In light of these due process limitations, a judgment entered against a corporation that is determined to be the alter ego of a non-party establishes personal liability of the non-party only if the non-party is notified that such liability may be imposed and is given fair opportunity to defend the action resulting in the judgment.  Restatement (Second) of Judgments § 59(5) (Am. Law Inst. 1982); *see generally Sky Cable*, 886 F.3d at 391-92. When these strict conditions are met, the non-party alter ego is properly before the court and due process concerns are satisfied, because the non-party was served through service on its alter ego, was given adequate notice of its potential exposure, and has had the opportunity to defend against personal liability.

Here, it is undisputed that Govindaraj was not named as a party in the case, and he was not personally served with process.  Indeed, Govindaraj's name does not appear anywhere in the complaint, and the plaintiff never sought to amend the complaint to add him as a defendant in the case.  And, contrary to the plaintiff's argument on appeal, the

9

district court's sua sponte observation in December 2012 that veil piercing might be appropriate was merely a suggestion, and nothing more. The plaintiff did not take any action based on the court's comment, which, standing alone, did not notify Govindaraj that he needed "to respond and be heard" in a "reliable and orderly course" before judgment could be entered against him. *Nelson*, 529 U.S. at 466-67.

We reject the plaintiff's attempt on appeal to cure its procedural missteps by belatedly raising an alter ego theory of liability to preserve a judgment obtained against a non-party. As a result of the plaintiff's failure to advance such an alter ego theory in the district court, the present record does not contain any factual findings resolving that issue, and the district court was not asked to pierce the corporate veil. Regardless whether the facts in the record theoretically could have supported such findings, we will not hold a non-party personally liable for a monetary judgment when the non-party did not receive the procedural protections of notice and an opportunity to be heard to which every defendant is entitled.

Our conclusion is not altered by the plaintiff's reliance on our decision in *Sky Cable*, 886 F.3d 375. There, the plaintiff asked the district court to "reverse pierce" the corporate veil[6] of a limited liability company (LLC) in which the individual defendant was the sole member in order to execute a judgment already entered against the

---

[6] "[R]everse veil piercing attaches liability to the *entity* for a judgment against the individuals who hold an ownership interest in that entity." *Sky Cable*, 886 F.3d at 385. In contrast, "traditional" veil piercing "permits a court to render an individual liable in a judgment against a business entity in which the individual has an interest, when the entity is in fact a mere instrumentality or alter ego of the individual." *Id.* (citation, internal quotation marks, and brackets omitted).

10

individual.  *Id.* at 381.  The district court ruled on that question in the plaintiff's favor.  *Id.*  Such "outsider" reverse piercing permitted the judgment creditor to reach the LLC to satisfy the individual's debt only after the LLC was determined to be an alter ego, and, thus, identical to its member as "the *sole party* in [the] particular transaction."  *Id.* at 389 (quoting *Pauley Petroleum, Inc. v. Cont'l Oil Co.*, 239 A.2d 629, 633 (Del. 1968)).

Based on these facts, we held that "an LLC that is the alter ego of its sole member is properly before the court when the court has jurisdiction over that member."  *Id.* at 392.  Underlying that conclusion was the district court's determination that the defendant was using the LLC for the improper purpose of hiding his assets.  *Id.* at 389-91; *see also Sky Cable LLC v. Coley*, No. 5:11cv48, 2016 WL 3926492, at *18 (W.D. Va. July 18, 2016).  By virtue of the plaintiff's motion to reverse pierce the corporate veil, the non-party LLC was on notice that the plaintiff sought to execute the judgment entered against the individual member by reaching the assets of the alter ego company.  *Sky Cable*, 886 F.3d at 383, 392.  And after receiving such notice, the LLC, through its sole member, argued in the district court that an alter ego finding was inappropriate.  *Id.* at 389-91; *see generally Sky Cable*, 2016 WL 3926492.

Here, however, Govindaraj was not notified at any point during the litigation in the district court that the plaintiff was seeking to impose liability on him personally, or to collect a money judgment from him under a theory that he was the alter ego of the defendant corporation.  Thus, Govindaraj did not have an opportunity to defend against personal liability with the array of defenses and procedures afforded to parties in accordance with their due process rights.

11

We likewise find no merit in the plaintiff's argument that Govindaraj should be held personally liable for the damages and fees award as an officer of the defendant corporation based on his underlying acts of infringement. Although an officer of a corporation can be held personally liable for his own conduct in infringing on another's trademark, *see Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145 (4th Cir. 1987), such a substantive claim of liability first must be pleaded in a complaint against the individual alleged wrongdoer. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that *the defendant is liable* for the misconduct alleged" (emphasis added)); *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 420 (4th Cir. 2014) ("[I]t is the complaint . . . that provides fair notice to defendants of the allegations against them." (internal quotation marks omitted)); *cf. Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543-49 (4th Cir. 2013) (evaluating alter ego allegations set forth in complaint under Federal Rule of Civil Procedure 12(b)(6)); *Polo Fashions*, 816 F.2d at 147 (noting that officer was named as a defendant). The fact that the plaintiff might have prevailed had it chosen to bring a claim against Govindaraj personally, based on this or any other legal theory, did not relieve the plaintiff from complying with the basic requirements of due process. *See Nelson*, 529 U.S. at 471 ("The law, at its most fundamental, does not render judgment simply because a person might have been found liable had he been charged." (citation omitted)).

In fashioning the monetary relief in this case, the district court reasoned that Govindaraj's egregious litigation conduct warranted the imposition of personal liability. While the district court's frustration with Govindaraj's years-long obstructionist behavior

was understandable, that behavior was not a valid basis for subjecting him to personal liability without satisfying due process requirements. Instead, such abusive litigation practices should be addressed through sanctions and the court's contempt power. *See* Fed. R. Civ. P. 37 (discussing availability of sanctions for "failure to make disclosures or to cooperate in discovery"); *see generally Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (discussing courts' inherent contempt power that "extends to a full range of litigation abuses").[7]

## III.

Govindaraj next challenges the district court's order holding him in contempt of court. The district court based its contempt finding on Govindaraj's failure to comply with a January 2014 discovery order requiring him to sign release forms authorizing access to his email accounts. In Govindaraj's view, the discovery order was "insufficiently definite," because the order did not specify the actual email accounts to which the order applied.

We review for abuse of discretion the district court's decision holding Govindaraj in contempt of court. *Rainbow Sch., Inc. v. Rainbow Early Educ. Holding LLC*, 887 F.3d 610, 617 (4th Cir. 2018). Federal courts have the inherent power to order sanctions "to preserve the integrity of the judicial process" and to punish bad-faith conduct intended to

---

[7] Based on our conclusion that the damages and fees award erroneously was entered against Govindaraj personally, we do not reach his alternative argument that the district court erred in its calculation of the amount of reasonable attorneys' fees under *Robinson v. Equifax Information Services, LLC*, 560 F.3d 235 (4th Cir. 2009).

delay or disrupt the course of litigation or to impede enforcement of a court order. *In re Jemsek Clinic, P.A.*, 850 F.3d 150, 157 (4th Cir. 2017) (quoting *Chambers*, 501 U.S. at 46). Under the Federal Rules of Civil Procedure,[8] a court may "treat[] as contempt of court the failure to obey" a court order by an officer or director of a party.[9] Fed. R. Civ. P. 37(b)(2)(A)(vii).

A court's contempt power, which reflects the court's broad authority, cannot be exercised when there is "fair ground of doubt as to the wrongfulness of" the conduct in question. *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019) (citation and emphasis omitted); *see also Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017) (contempt finding unwarranted if court's decree was "too vague to be understood" (quoting *Int'l Longshoremen's Ass'n v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76 (1967))). Thus, a party must be able to discern from the language of a court's order the actions necessary to comply with the court's directive. *See Taggart*, 139 S. Ct. at 1802 ("[P]rinciples of basic fairness require that those enjoined receive explicit notice of what conduct is outlawed before being held in civil contempt." (citations, quotation marks, and brackets omitted)); *Gascho*, 875 F.3d at 800 (contempt sanctions are "reserved for those who fully understand the meaning of a court order and yet choose to ignore its mandate"

---

[8] The district court did not specify whether it imposed sanctions against Govindaraj under the Federal Rules or under the court's inherent contempt power.

[9] Govindaraj does not contest the court's authority to impose sanctions on him as a non-party.

14

(quoting *Phila. Marine Trade Assoc.*, 389 U.S. at 76) (internal quotation marks and alterations omitted)).

In the present case, the history of the discovery issues leading to the district court's contempt finding are particularly revealing. After Govindaraj refused for months to comply with the plaintiff's discovery requests, the magistrate judge ordered Govindaraj in October 2013 to "compile a list of **all** e-mail addresses he is currently using and/or previously used. [Govindaraj] must **affirm** the list of e-mail addresses is the full, correct and absolute list of all e-mail addresses he presently or previously used" (emphasis in original). In response to the magistrate judge's order, Govindaraj provided only four email addresses. However, the plaintiff independently discovered about two dozen email addresses under Govindaraj's control.

Three months later, in January 2014, after Govindaraj failed to provide the plaintiff with emails from all these accounts during discovery, the magistrate judge held a telephone conference with the plaintiff's representatives and Govindaraj. Following the conference, the magistrate judge issued the order Govindaraj now challenges (the challenged order):

> [F]or the reasons stated during the telephone conference, [Govindaraj] is hereby ORDERED to sign and execute "consent and release forms" regarding various e-mail accounts within ten (10) days of Plaintiff's counsel providing the forms to [Govindaraj's] counsel[.]

Govindaraj filed objections to the magistrate judge's order, which objections the district court overruled. Govindaraj nevertheless continued to refuse to sign the consent forms produced by the plaintiff's counsel. Based on this refusal, and after reviewing the

15

proposed consent forms, the district court held Govindaraj in contempt for failing to comply with the challenged order. The court did not immediately impose sanctions for the violation.

Upon consideration of the challenged order, we conclude that its terms were not vague, and that the district court did not abuse its discretion in finding Govindaraj in contempt of court. By the time that the magistrate judge entered the challenged order, Govindaraj was well aware that the court expected him to provide the plaintiff access to "all" the email accounts the court earlier had required him to identify. Although Govindaraj disagrees with the reasonableness of this requirement, that disagreement has no bearing on the question whether the terms of the challenged order adequately notified him of the obligations imposed by the court. And given Govindaraj's repeated disregard for the discovery process, his assertion on appeal that his "actions bespeak good faith" lacks any basis in the record. *See Taggart*, 139 S. Ct. at 1802 (explaining that a contemnor's bad faith can justify imposition of sanctions).

We therefore affirm the district court's judgment holding Govindaraj in contempt for violating the challenged order. However, the court did not specify whether any of the combined damages and fees award was entered against Govindaraj personally as a sanction for his contempt. We thus are unable to determine whether any of the combined damages and fees award should be upheld as a reasonable sanction for contempt, or whether the entirety of the award against Govindaraj personally must be vacated. For these reasons, although we affirm the district court's decision to hold Govindaraj in contempt, we remand the separate issue of sanctions to the district court for a

16

determination whether any monetary sanctions for contempt were awarded against Govindaraj personally.

IV.

In sum, we affirm the district court's contempt finding against Govindaraj, but we vacate the judgment for damages and attorneys' fees entered against him.  We remand for further proceedings for the court to determine whether any portion of the damages and fees award against Govindaraj was imposed as a sanction for his contempt of court and, if so, the amount of that sanction.  The court may re-enter judgment against Govindaraj personally only as to any such sanction for his contempt.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*