**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-1471**

———————

DANTE MURPHY,

        Plaintiff - Appellant,

   v.

COUNTY OF NEW HANOVER,

        Defendant - Appellee.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:17-cv-00229-FL)

———————

Submitted: September 17, 2021             Decided: October 8, 2021

———————

Before HARRIS and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael Confusione, HEGGE & CONFUSIONE, LLC, Mullica Hill, New Jersey, for Appellant.  Scott C. Hart, SUMRELL SUGG, P.A., New Bern, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dante Murphy appeals the district court's order granting summary judgment to his former employer, the County of New Hanover ("the County"), on his failure to accommodate claim raised pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 to 12213. Finding no reversible error, we affirm.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees, . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). This "includes . . . not making reasonable accommodations." 42 U.S.C.

2

§ 12112(b)(5)(A). To establish a claim for a failure to accommodate, a plaintiff must show that (1) he suffers a disability; (2) his employer had notice of the disability; (3) with reasonable accommodations, he is otherwise qualified to perform the employment position in question; and (4) his employer refuses to make such reasonable accommodations. *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013).

We conclude that Murphy failed to establish the fourth prong of his claim. After an employee establishes he has a "disability" requiring accommodation, an employer has a duty to engage in an "interactive process" to determine an appropriate accommodation. *See* 29 C.F.R. § 1630.2(o)(3). While employers have "a good-faith duty to engage with their employees in an interactive process to identify a reasonable accommodation," *Jacobs*, 780 F.3d at 581 (cleaned up), "[a]n employer may reasonably accommodate an employee without providing the exact accommodation that the employee requested" and "may provide an alternative reasonable accommodation," *Reyazuddin v. Montgomery Cnty.*, 789 F.3d 407, 415 (4th Cir. 2015). In other words, "the employer has the ultimate discretion to choose between effective accommodations." *Hannah P. v. Coats*, 916 F.3d 327, 337 (4th Cir. 2019) (internal quotation marks omitted).

"In some circumstances, an unreasonable delay may constitute a denial of an accommodation." *Smith v. CSRA*, __ F.4th __, __, No. 20-1377, 2021 WL 3889282, at *12 (4th Cir. Sept. 1, 2021) (internal quotation marks omitted). However, "a relatively short delay of a few weeks (or even a few months) in approving a request typically does not support such a claim." *Id.* (cleaned up). It took less than two months from when Murphy first requested an accommodation until the County moved his workstation to an enclosed

3

office.  Two weeks passed between Murphy's meeting with a County human resources employee and the email in which she neglected to attach the necessary forms for Murphy to complete.  While Murphy argues that her neglect shows bad faith, he offers nothing more than conclusory assertions to counter the employee's testimony that this was just an oversight on her part.  Notably, Murphy himself did not follow-up with human resources for nearly three weeks after receiving this email, and he only contacted her after his supervisor informed him that she was going to recommend his termination.  And once Murphy turned in the paperwork, the County moved him into the private office in just under two weeks.  Thus, we conclude that Murphy failed to establish a bad faith failure to engage in the interactive process.

We further conclude that the County offered a reasonable accommodation for Murphy's disability by offering an enclosed office, albeit shared.  While Murphy now argues that this accommodation was not effective and that he sought a private office, the medical documentation and his reasonable accommodation request asked only for an enclosed office, not a private one.  The ADA only "requires a reasonable accommodation, not a perfect one." *Adams v. Anne Arundel Cnty. Pub. Schs.*, 789 F.3d 422, 433 (4th Cir. 2015) (internal quotation marks omitted).  To the extent that it was not an effective accommodation, at the November 2 meeting that Murphy recorded, he informed his supervisor that the accommodation was working.  While he has since backtracked from that statement during litigation, "[a] genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct." *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984); *see*

4

*also Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 422 (4th Cir. 2014). And to the extent that the accommodation was not working, it appears to be for reasons unrelated to Murphy's disability. While Murphy also sought the ability to telework, the fact that he teleworked—without his supervisor's knowledge—for several weeks before requesting an accommodation, yet was unable to keep up with the demands of his position, shows that this likely would not have been an effective accommodation. Finally, the fact that the County terminated Murphy less than two months after implementing the accommodations when it became apparent that Murphy's performance was not improving does not show a failure to accommodate. *See Myers v. Hose*, 50 F.3d 278, 283 (4th Cir. 1995) ("Nothing in the text of the reasonable accommodation provision requires an employer to wait an indefinite period for an accommodation to achieve its intended effect.").

Therefore, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*