# United States Court of Appeals
## For the First Circuit

No. 22-1127

PUERTO RICO TELEPHONE COMPANY, INC.,

Claimant, Appellant,

v.

WORLDNET TELECOMMUNICATIONS, LLC,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Raúl M. Arias-Marxuach, U.S. District Judge]

Before

Gelpí, Lipez, and Rikelman, Circuit Judges.

Eliezer A. Aldarondo-López, with whom Aldarondo & López-Bras, LLC was on brief, for claimant-appellant.

Miguel J. Rodríguez-Marxuach, with whom María Celeste Colberg-Guerra and Rodríguez Marxuach, PSC were on brief, for respondent-appellee.

October 21, 2025

**LIPEZ**, **Circuit Judge**.  Relying on our then-applicable precedent on subject-matter jurisdiction for claims brought under the Federal Arbitration Act ("FAA"), see Ortiz-Espinosa v. BBVA Secs. of P.R., Inc., 852 F.3d 36 (1st Cir. 2017), appellant Puerto Rico Telephone Company ("PRTC") sought confirmation of an arbitration award in federal district court pursuant to section 9 of the FAA, 9 U.S.C. § 9.[1]  The district court dismissed the action on standing grounds, concluding that PRTC had not demonstrated the requisite injury-in-fact for Article III jurisdiction.  See P.R. Tel. Co. v. WorldNet Telecomms., LLC, No. 21-MC-386, 2022 WL 255362, at *1-2 (D.P.R. Jan. 27, 2022).  Roughly a month after PRTC filed its notice of appeal, the United States Supreme Court rejected the approach for determining subject-matter jurisdiction over applications to confirm or vacate arbitration awards that we adopted in Ortiz-Espinosa.  See Badgerow v. Walters, 596 U.S. 1 (2022).  The Court held that federal courts lack subject-matter jurisdiction over such applications, brought under FAA sections 9

---

[1]  In Ortiz-Espinosa, we held that federal courts had subject-matter jurisdiction under sections 9, 10, and 11 of the FAA to consider applications seeking to confirm, vacate, or modify arbitration awards when a so-called "look-through test" showed that the underlying substantive dispute between the parties involved a federal question.  852 F.3d at 40, 47.

and 10, except in circumstances that both parties agree do not exist here.[2]  See id. at 5, 9.

Following the decision in Badgerow, PRTC asked us to vacate the district court's opinion and direct the district court to dismiss the case without prejudice for lack of subject-matter jurisdiction, thereby freeing PRTC to seek confirmation of the award in the Commonwealth courts.[3]  Appellee WorldNet Telecommunications ("WorldNet") acknowledges that this case could be dismissed based on Badgerow,[4] but it urges us instead to review, and uphold, the district court's determination on PRTC's lack of Article III standing.  That is, WorldNet asserts that we can, and should, view this appeal as focused solely on the district court's

---

[2] The Supreme Court had previously endorsed the "'look-through' approach to jurisdiction" for petitions to compel arbitration under section 4 of the FAA based on "[s]ection 4's distinctive language directing a look-through."  Badgerow, 596 U.S. at 4-5 (describing the holding in Vaden v. Discover Bank, 556 U.S. 49 (2009)).  In rejecting that approach to federal jurisdiction for applications to confirm or vacate arbitral awards -- resolving a circuit split -- the Court emphasized that "[s]ections 9 and 10 . . . contain none of the statutory language on which Vaden relied."  Id. at 11; see also id. at 7 & n.1 (noting the division in the courts and citing Ortiz-Espinosa among other cases).

[3] PRTC sought summary disposition of the appeal based on Badgerow, but we denied that motion.

[4] When asked at oral argument if this court could vacate the district court's judgment and order dismissal of the action based on Badgerow, WorldNet's counsel responded: "I think that's an alternative" and acknowledged "that is the court's prerogative."

"threshold determination" "on the foundational, constitutional issue of PRTC's standing."

The parties, however, have sharply different views on whether PRTC would be at risk of sufficient injury to establish Article III standing if the arbitration award is not confirmed. They debate, among other points, the relevance to the facts here of the Second Circuit's analysis in Stafford v. IBM Corp., 78 F.4th 62 (2d Cir. 2023), cert. denied, 144 S. Ct. 1011 (2024), where the court found an absence of an Article III case or controversy for a party seeking confirmation of an arbitration award. See id. at 66-69.

We decline to enter the debate. Because Badgerow is indisputably applicable to this case,[5] we think it inadvisable to engage in the more complex standing inquiry -- or, indeed, to consider the propriety of even performing that inquiry if we lack

_____

[5] Although Badgerow was decided after the district court issued its judgment, it governs this case because "subject-matter jurisdiction 'can never be forfeited or waived.'" Stafford, 78 F.4th at 68 (quoting Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006)); see also Arbaugh, 546 U.S. at 506 ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." (citation omitted)); id. at 514 ("Moreover, courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 138-39 (1st Cir. 2004) ("[I]t is firmly settled that challenges to federal subject matter jurisdiction may be raised for the first time on appeal.").

subject-matter jurisdiction over the parties' dispute. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868))); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). We may affirm the district court's dismissal of the action "on any independently sufficient ground supported by the record," Ward v. Schaefer, 91 F.4th 538, 544 n.3 (1st Cir. 2024) (quoting United States v. Nivica, 887 F.2d 1110, 1127 (1st Cir. 1989)), and courts appropriately bypass contentious constitutional questions when the case can be resolved based on "a simpler statutory subject matter jurisdiction question," Greenless v. Almond, 277 F.3d 601, 607 (1st Cir. 2002) (describing approach taken in U.S.I. Props. Corp. v. M.D. Constr. Co., 230 F.3d 489, 495 (1st Cir. 2000)); see also Ashwander v. Tenn. Valley Auth., 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) ("The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of."). Moreover, "[i]t is hardly novel for a federal court to choose among threshold grounds for denying audience to a

case on the merits." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585 (1999).

We note, in addition, the Supreme Court's observation in Badgerow that applications seeking confirmation or vacatur of an arbitration award ordinarily "concern[] the contractual rights provided in the arbitration agreement, generally governed by state law," even when the substance of the underlying claims may have involved "a federal-law dispute." Badgerow, 596 U.S. at 18. As PRTC points out, dismissing this case for lack of subject-matter jurisdiction, leaving the company to seek relief in the Commonwealth courts, is thus consistent with what the Supreme Court described as "the normal -- and sensible -- judicial division of labor: The [section 9 and 10] applications go to state, rather than federal, courts when they raise claims between non-diverse parties involving state law." Id.[6]

Accordingly, based on Badgerow, we vacate the judgment of the district court and remand to that court with instructions to dismiss without prejudice, for lack of subject-matter jurisdiction, PRTC's application under section 9 of the FAA for confirmation of the arbitration award. See Torres-Fuentes v.

_____

[6] WorldNet appears to assume that, if we affirmed the district court's standing determination, PRTC would not have the option to refile in Commonwealth court, perhaps because the district court dismissed the case with prejudice. Our disposition makes it unnecessary to examine the correctness of that assumption.

Motorambar, Inc., 396 F.3d 474, 475 (1st Cir. 2005) ("Dismissals for lack of jurisdiction should generally be without prejudice."). Costs are taxed in favor of the appellant.

So ordered.